Shirley Greenfield Golstein, Appellee, v. Samuel A. Golstein et al., Defendants.
Appeal of Samuel A. Golstein, Appellant.

Gen. No. 43,606.

Opinion filed April 8, 1946. Released for publication April 23, 1946.

DAVID F. SILVERZWEIG, of Chicago, for appellant.

IRVING EISENMAN, of Chicago, for appellee; NICHOLAS A. SOCRATES, of Chicago, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

June 28, 1945, Mrs. Golstein filed a complaint against Samuel A. Golstein, in which she prayed a divorce for herself, alimony, support and solicitor's fees for herself and child, permanently and pending the hearing. She made defendant to her complaint several banks, trust companies and other persons having dealings with the defendant. She also prayed the custody of the child might be awarded to her and prayed a discovery of the property of defendant, said to be in the hands of various persons.

On the same day the bill was filed plaintiff gave notice to defendant that at the opening of court on

the next day (the 29th) she would appear before Judge SBARBARO of the superior court and ask for the entry of an order for a temporary allowance for herself and the child, and also for attorney's fees. The notice said the motion would be based on plaintiff's complaint but no copy of complaint was attached. The motion came on for hearing on the morning of the 29th before Judge SBARBARO. No answer to the complaint had been filed at that time. The attorneys for the respective parties, appeared, and the attorney for plaintiff explained to the court the nature of the motion and reasons for it.

The complaint was in seven paragraphs; set up jurisdictional facts as to the residence of plaintiff; averred she was married to the defendant at Waukegan, Illinois, on March 21, 1945; thereafter maintained conjugal relations with him until on or about June 1, 1945, and that since their marriage she had conducted herself as "a good, true, kind, chaste, and affectionate wife." She also averred a child born to the parties, Robert Samuel Golstein, was then eight years of age. The sole grounds set up for divorce were in paragraph 4, which said: "Since March 21, 1945, plaintiff has been informed that the defendant, Samuel A. Golstein, at the time of the marriage entered into with plaintiff, Shirley Greenfield Golstein, had a wife living and undivorced at the time of such marriage."

The complaint does not aver either innocence or good faith of plaintiff at the time she entered into the marriage. She does not deny that he had a wife or that she knew it at the time of the marriage ceremony at Waukegan. The complaint makes clear the son, Robert Samuel, was born several years before the Waukegan ceremony. Plaintiff does not present a case which appeals to a court of equity.

Section 1 of the Divorce Act (Ill. Rev. Stat. 1945, ch. 40 [Jones Ill. Stats. Ann. 109.169 *et seq.*]) provides

it shall be a sufficient cause for divorce if either of the parties "had a wife or husband living at the time of such marriage." This complaint does not allege that to be the case but avers only plaintiff has been informed to this effect. She does not say that she believes it to be true.

When the matter came on for hearing the attorney for defendant entered his appearance and stated to the court that the case had extraordinary aspects; that the plaintiff before the marriage entered into a contractual obligation, which he undertook to read to the court. The judge interrupted, and this colloquy took place:

"The Court: What are you asking for now, Do you want a continuance?

Mr. Silverzweig: I want a chance to examine the complaint. The file is not yet in the Clerk's office.

The Court: But in the meantime, let me ask you, how can this woman sustain herself and the child?

Mr. Silverzweig: On that issue, this man without any legal requirement, and without any court order did support that child, without any legal requirement. This woman for herself is entitled to nothing and nothing will be paid to her other than what is provided in this agreement. If there is any order to the contrary, we are not going to pay. We will file supersedeas and take it all the way up. This case was filed yesterday. Why all this haste?

The Court: How can she sustain herself and this child for any period of time?

Mr. Silverzweig: This woman is capable of working.

The Court: There is nothing in the law of this state that compels any woman to work. Draw the following order . . .

Mr. Silverzweig: I want to say this. It is just a matter of time. I have not yet read the complaint because the clerk does not have the file.

The Court: How much time do you want?

Mr. Silverzweig: I want five days to file my answer to the Complaint after I have read it. Put the matter over for a week or ten days, and at that time I will have the man here and we will have a full hearing.

The Court: Very well. Draw the following order: $25.00 a week; One Hundred Dollars temporary solicitor's fees, thirty days.

Mr. Silverzweig: No, if the Court please, that refutes my object. I want my pleadings on file before any order for any money is granted.

The Court: That is the order.

Mr. Silverzweig: Because we claim they are entitled to nothing.

The Court: That is the order. You have the right to take it up if you wish. Draw the order.

Mr. Silverzweig: Now, I am going to ask for a notice of appeal to be filed by us in ten days, to operate as a supersedeas on that order.

The Court: Very well.''

Whereupon the order was entered.

An examination of the complaint shows, there is no clear averment by plaintiff of a cause for divorce, nor are facts stated from which it would appear to the court plaintiff was without means to support herself and child during the pendency of the suit. The entry of the order was purely arbitrary and can hardly be called a judicial proceeding. No witness was sworn; no attempt was made to ascertain facts from which

the court could be informed as to what justice would require. The plaintiff may be able to amend her complaint and state a good cause of action. Ill. Rev. Stat. 1945, ch. 40, secs. 1 and 20 [Jones Ill. Stats. Ann. 109.169, 109.187].

For the reasons stated, the order entered will be reversed.

*Reversed.*

NIEMEYER, J., concurs.

O'CONNOR, J., I agree with the result, but not in all that is said about the complaint.