Evelyn S. Jones, Plaintiff-Appellee, v. J. Edward Jones, Defendant-Appellant.

Gen. No. 49,089.

First District, Third Division.

April 9, 1964.

J. Edward Jones, of Chicago, for appellant.

Bernard B. Brody, of Chicago, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Evelyn S. Jones filed a petition for printing costs and attorney's fees arising out of an appeal by J. Edward Jones from a decree of divorce granted her in a previous action. Two orders, from which the present appeal is taken, were entered as the result of the petition; one allowed her the printing costs of defending the appeal, the other granted her attorney fees. The first was entered by Judge Drymalski, the second by Judge Wells. Since the orders appealed from were entered at two different hearings before two different judges, they lend themselves to separate consideration and we shall treat them in the order of their entry.

This is another in the series of Jones v. Jones cases but none of the prior ones concern us here save that case from which the costs and fees in dispute arose. In 1961 the plaintiff brought an action for divorce against the defendant and was awarded a default decree after service by publication. An accompanying prayer for support of the two minor daughters of the parties was reserved until such time as personal service could be obtained on the defendant. Later he was personally served and an order was entered for him to pay fifty dollars a week support for the children. For failure to comply with this order he was found in contempt and confined in the Cook County

jail. He appealed from these orders which were affirmed in part and reversed in part. Jones v. Jones, 40 Ill App2d 217, 189 NE2d 33 (1963). It was the costs and the attorney's fees for defending this appeal which the plaintiff was seeking in the present action.

Her petition alleged that she was not working and was unable to pay any of the expenses involved in the appeal, including attorney's fees and the costs of printing her brief and an additional abstract. She further alleged that the defendant was able-bodied, a practicing lawyer and was fully capable of paying the expenses. She prayed that the defendant be ordered to pay the printing costs of $464.34 and attorney's fees of $1,500.

We have no report of the proceedings on November 5, 1962, the date the petition was first called for hearing. The order reads in part as follows:

"It is hereby ordered that defendant J. Edward Jones pay to the Gunthorp-Warren Publishing Co. the sum of $464.34 as printing costs on said appeal; that question of attorney's fees to Bernard B. Brody, attorney for plaintiff be deferred; that defendant be given 7 days to file an answer or any other pleading to said petition; . . ."

The order does not indicate that any evidence was taken at the hearing and there is nothing in the record before us to show that there was. The order directs Jones to pay the printing bill, defers the question of attorney's fees and gives Jones seven days to answer the petition. We can infer from the order that Jones asked time to answer the petition. Although he was allowed seven days, he was at once directed to pay one of the two items requested in the petition without waiting for his answer and without hearing his defense.

■■ An order for the allowance of expenses must be based on an adequate hearing and the order or record must show that there have been findings of fact. Czarnecki v. Czarnecki, 341 Ill 629, 173 NE 752; Golstein v. Golstein, 328 Ill App 335, 66 NE2d 106. It is not always necessary that the facts on which an order is based be set out as such in the body of the order. However, if findings of fact are made in the order it will be presumed that the court heard enough evidence to justify those findings. Smith v. Smith, 36 Ill App2d 55, 183 NE2d 559. Again, if an order gives some clue indicating that a full hearing was had, or if it uses language which imparts that meaning such as "the court was fully advised in the premises," a presumption of a hearing will arise. Smith v. Smith, supra. None of these conditions was present in the order of November 5th. While it might be argued that the trial court must have found that the plaintiff did, in fact, owe to the Gunthorp-Warren Co. the sum of $464.34, no such finding of fact is made in the order and there is nothing from which this court could reasonably infer it.

■ The order gives us no clue as to what took place at the hearing but simply orders that the defendant pay the printing bill. The order does not contain either a direct or an indirect showing that a hearing was had, or what basis was used to determine the assessment of costs. Under the circumstances it is insufficient to constitute a valid order for payment of the printer's charges and it must be set aside.

■ The defendant's answer denied his former wife's impoverished financial condition, set out descriptions of property which she owned and alleged that she derived income from these properties. He also denied that he was able-bodied and set out the details of his previous incarceration together with

235

averments that due to this he had been for some time unable to pursue his profession, could not meet his own expenses and was, therefore, unable to pay her fees and costs.

On December 28, 1962, a hearing was held as to attorney's fees. We do have a report of this hearing. Although the defendant's answer was on file, no evidence of any kind was heard. The plaintiff's counsel merely stated that he had "put in a lot of work and the plaintiff has no funds." The court ordered the defendant to pay a fee of $1,500, which was the sum requested in the petition. There was no supporting evidence as to the services the attorney rendered, the value of those services or the propriety of the sum requested. There was no testimony as to the plaintiff's inability to pay as she had asserted in her petition, or as to her ability to pay as the defendant had asserted in his answer, or as to his ability or inability to do so. The defendant protested but the court would not hear him. Excerpts from the transcript reflect what took place:

Plaintiff's counsel: On November 5th I came in on a petition for fees. We put in a lot of work on the appeal and the plaintiff has no funds. She is not able to pay any fees.

Jones: May I be heard before we get into the merits, Your Honor?

The Court: This is only for attorney fees?

Jones: I want to be heard on that.

The Court: There is nothing to be heard on.

Jones: Yes, there is, Judge.

The Court: I beg your pardon.

Jones: I am sorry, but there is.

Plaintiff's counsel: On November 5th there was an order that the defendant pay the sum of $436 I believe it was, to Gunthorp-Warren Printing Company for printing briefs on the appeal for the plaintiff appellee. Defendant took an appeal, so we feel he is obligated to pay it and there was an order by Judge Drymalski to that effect.

. . . . . .

Jones: May I be heard now, your Honor?

The Court: On what?

Jones: I want to call your attention to the fact that I filed an answer to the petition and their reply was due December 9th. I filed that answer November 19th and the Court agreed that it was properly filed.

. . . . . .

The Court: Look, sir, let me tell you one thing. I do not care about your answer. Put that in the record. All I am interested in, are you going to comply with the previous Court order to pay these costs.

Jones: Your Honor, I want to be heard on that matter. I have not been heard on it.

The Court: On what?

. . . . . .

Plaintiff's counsel: Judge, what about attorney fees?

Jones: I am representing myself. I want to make the order.

The Court: You have $1,500.

Plaintiff's counsel: There is no order to that effect. We are asking for an order.

237

The Court: Order $1,500 attorney's fees and the Gunthorp-Warren printing bill.

Jones: I am objecting to that, your Honor.

The appeal from the second order presents two questions: the liability of the defendant for such fees and the correctness of the amount involved.

■ A wife in a divorce proceeding is primarily liable for her solicitor's fees and costs in prosecuting or defending the action, and the husband is under no duty such as an implied contract to pay them. 16 ILP Divorce, sec 112. It is upon the party for whom services are rendered that the primary obligation for the payment of attorney's fees must fall, although under certain circumstances the court may order another party to pay them. Thus, attorney's fees are sometimes assessed against a husband who has been guilty of repeated harassment of a wife who has obtained a valid divorce decree. Miezio v. Miezio, 6 Ill2d 469, 129 NE2d 20.

The courts of Illinois have long held that in order to justify an allowance to a wife in a divorce action of attorney's fees from the husband, it is necessary that the complainant make a proper demand for such fees, show that she is financially unable to pay them herself and that her husband is able to do so. Arado v. Arado, 281 Ill 123, 117 NE 816; Kunstmann v. Kunstmann, 333 Ill App 653, 77 NE2d 888; Geiermann v. Geiermann, 12 Ill App2d 484, 139 NE2d 838; Minnec v. Minnec, 14 Ill App2d 215, 144 NE2d 173.

In Arado v. Arado, supra, the court said:

". . . solicitor's fees are not allowed as a matter of right but rest in the sound discretion of the court, dependent on the inability of the complainant to provide for herself and pay the expenses of the litigation and upon the ability of the defendant to do so. The discretion is to be exercised in

238

view of the conditions and circumstances of the case. . . ."

And, in the case of Patterson v. Patterson, 28 Ill App 2d 76, 170 NE2d 11, the court stated that attorney's fees in a divorce action might be charged against the opposite party, but ". . . only on proof of petitioner's needs and defendant's ability to pay."

A wife who is more financially able than her husband to pay her attorney's fees and expenses should not be allowed to recover from him. Young v. Young, 323 Ill 608, 154 NE 405; Klekamp v. Klekamp, 275 Ill 98, 113 NE 852. In these cases the rule is restated that the controlling factor in determining the granting of fees is the inability of the wife to pay and the ability of the husband to do so. In the present case there was no determination of the relative financial condition of the parties. On the contrary, a demand was made for the awarding of fees and that demand was granted, without the question of ability to pay being answered though it was properly raised and was before the court.

Furthermore, even if a finding of ability to pay had been made, the granting of the fees would still have been improper because no evidence was heard as to the items of service which were performed, or as to the basis of the amount requested or that such fees were the reasonable and ordinary ones for such services. There was no showing as to how the amount was arrived at, simply a statement by the attorney that this was the fee due him.

■ The awarding of attorney's fees lies within the sound discretion of the court (Knol v. Knol, 171 Ill App 412; Haste v. Haste, 1 Ill App2d 417, 117 NE 2d 789) but it is the rule in Illinois that if the opposite party has requested a hearing on the question of fees, the court must hear some evidence on that point. The present state of the law is one of change. Until

quite recently the Illinois rule was as stated in Gehlbach v. Gehlbach, 219 Ill App 503:

> "The rule of law is that the value of such services must be established and that such proof must be preserved in the record, or the decree must show that such evidence was in fact introduced, and that upon a consideration thereof the court found that such fees were reasonable, customary and usual fees for such services."

Galter v. Galter, 323 Ill App 297, 55 NE2d 405; Church v. Church, 324 Ill App 557, 58 NE2d 739; Weinberg, Ill Divorce, Separate Maintenance and Annulment, sec 370.

More recent cases have tended toward the modification of this rule, holding that if no hearing is requested on the point the court may grant fees in an amount based on its own experience. Moore v. Moore, 25 Ill App2d 255, 166 NE2d 629; Kijowski v. Kijowski, 36 Ill App2d 94, 183 NE2d 583. However, both of these decisions make it clear that the more liberal rule which they advocate is usable only where there is no contest as to the fees and no request for hearing on them. In the present case the defendant specifically asked to be heard on the question of the fees. Under the circumstances the court should have heard evidence as to what work was done and the value of the services rendered.

The orders of November 5th and December 28, 1962, are reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

SCHWARTZ, P. J. and SULLIVAN, J., concur.