**Helen Jewell Berg, Plaintiff-Appellee, v. Jacob Oscar Berg, Defendant-Appellant.**

**Gen. Nos. 50,909 and 51,386.**

First District, First Division.

June 30, 1967.

Rehearing denied September 5, 1967.

Emmet J. Cleary, of Chicago, for appellant.

Sam Burnes, of Chicago (Maurice A. Winkler, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant appeals in case No. 50,909 from an order of the Circuit Court of Cook County, Divorce Division, requiring him to pay one-half of a medical bill and his wife's attorney's fees. In case No. 51,386, he appeals from the Circuit Court's subsequent order requiring him to pay his wife's attorney's fees and costs of defending the appeal in case No. 50,909.

The parties were divorced in 1957, one child having been born of the marriage. In June, 1964, the defendant

(husband) filed a petition claiming that the child, who was in his mother's custody, was not receiving proper medical attention, nor had defendant been informed of the child's progress in school. Plaintiff (wife) answered the petition and although the record indicates she filed a cross petition, no such document was made a part of the record on this appeal.

On July 6, 1964, an order was entered pursuant to "Defendant's petition and the plaintiff having filed an Answer thereto in open court and also a cross petition." Under the original divorce decree plaintiff was responsible for all medical expenses. The order modified the original divorce decree, the relevant part of which states:

> "The Plaintiff shall advise and submit medical expense bills and reports for medical care for Charles Berg considered by her as extraordinary medical expenses. Said bills to be agreed upon by the parties, and if no agreement is reached, then to be determined by this court."

In February, 1965, plaintiff filed a petition alleging, inter alia, that she had incurred certain extraordinary medical expenses and defendant had refused to pay such expenses. Pursuant to this petition the court, on June 28, 1965, ordered defendant to pay one-half of a medical bill incurred in 1963, and plaintiff's attorney's fees for the filing of the petition. It is from this order that the appeal in case No. 50,909 was taken.

The order clearly shows that the medical bill was for services in 1963. This was prior to the modification of the divorce decree requiring defendant to pay medical bills. Plaintiff's petition did not seek a further modification of defendant's child support obligation and the medical bill was not presented for the purpose of showing a change in circumstances.

We conclude that the order of July 6, 1964, applied only to medical expenses which would be incurred in

the future. Consequently the June 28, 1965, order was incorrect in assessing defendant for one-half of a 1963 medical bill.

■ As to the portion of the June, 1965, order allowing attorney's fees to plaintiff, the trial court was in error. No findings of fact are contained in the order. Attorney's fees are only justified when the court finds that one spouse is financially unable to pay the fees and the other spouse is able to do so. Jones v. Jones, 48 Ill App2d 232, 198 NE2d 195 (1964).

After the appeal (50,909) was taken from the June, 1964, order, plaintiff filed a petition with the trial court for attorney's fees and costs for defending the appeal. She alleged that she was without funds and defendant was able to pay. Defendant's answer denied the allegations of the petition. An order was entered February 21, 1966, requiring defendant to pay plaintiff's attorney $450 in fees and $50 costs. From this order the second appeal (51,386) was filed.

■■ We are aware of the rule that allowance of attorney's fees is a discretionary matter. However, as stated above, it can only be justified if plaintiff is financially unable to pay and defendant is able to do so. Although the order found that plaintiff was unemployed and has no income of her own, the record discloses that she held with her second husband, two joint bank accounts with funds totalling $2,700. They also owned a home in joint tenancy. Furthermore, the order makes no finding as to the defendant's ability to pay, nor was any evidence adduced on that subject.

For the above reasons we conclude that the order of February 21, 1966, was in error and must be reversed.

Case No. 50,909—Order reversed. Case No. 51,386— Order reversed.

MURPHY, P. J. and BURMAN, J., concur.