**Donald J. Cimino, Plaintiff-Appellant, v. Susan Hanley Cimino, Defendant-Appellee.**

**Gen. Nos. 51,642, 51,731.** ■■■■■■

First District.

March 27, 1968.

Kornfeld & Caplan, of Chicago (Eugene Lieberman, of counsel), for appellant.

Stewart D. Spitzer and Jesse H. Brown, of Chicago, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff-husband was granted a divorce on the grounds of adultery in a proceedings heard on complaint and answer. The wife did not testify. A property settlement contract and the divorce decree provided that the jointly-owned home should be sold and the net proceeds divided between the parties. Both likewise provided that each of the parties should bear his or her own attorney fees arising out of the divorce proceedings. The house was sold and a dispute then arose between the parties as to whether delinquent mortgage payments and taxes should be shared equally or whether they should all be charged to the plaintiff-husband. The sale of the property was consummated and the net proceeds of $4,321.91 was left with the lending agency of the buyer until a distribution of the proceeds could be determined by the court.

The husband filed his petition asking that the net proceeds be equally divided. The wife answered the petition stating that the husband had agreed to make the mortgage payment and real estate taxes which were delinquent and asked the court to so find. The wife offered in evidence on the hearing the testimony of the husband on cross-examination in the divorce suit which was as follows:

"Q. How much in arrears are you?
"A. About one year, Sir.
"Q. Did you pay the taxes for 1965?
"A. Partial payment. Two Hundred Fifty-four dollars.
"Q. The second installment is still due and owing?
"A. Yes.
"Q. In the event of the property being purchased, you will deduct these payments, both taxes and the mortgage payments from your net, is that correct?
"A. Correct."

The court accepted this statement as a proper construction of the contract and decree and entered an order charging the delinquent payments to the husband. He appeals. This appeal is docketed here as 51,642. The wife then moved for the allowance of attorney fees for the defense of the appeal and the court allowed $600. The husband gave notice of appeal from this allowance. On motion, the court then allowed an additional $200 to the wife for the defense of the second appeal. This appeal is docketed as 51,731. The cases were consolidated in this court.

In this court, the husband argues that the words "your net" used in the last question quoted above from the cross-examination was understood by him to be plural and referred to the dual or total net. The wife contends that its proper interpretation refers only to the net 50 percent of the husband. The trial court adopted the wife's interpretation. The written property settlement states:

"It is agreed that the home jointly owned by the parties hereto at 1836 – 75th Court, Elmwood Park, Illinois be sold at a price not less than $30,000.00 net, subject to the usual prorations and out of said sale there shall be paid to each of the parties fifty per cent of said net proceeds."

The decree as abstracted states:

"Further ordered that the home jointly owned by the parties at 1836 – 75th Court, Elmwood Park, Illinois, be sold at a price not less than $30,000.00 net, subject to the usual prorations and out of the proceeds of said sale there shall be paid to each of the parties hereto fifty percent of said net proceeds."

The decree signed by the judge bears the word "approved" over the signature of each attorney.

The issue involved in 51,642 is whether or not the court's decree is a proper interpretation and implementa-

tion of the original divorce decree. The issue presented in 51,731 is whether the trial court properly allowed attorney fees on appeal where the property settlement agreement and the divorce decree each stated "each party shall pay their own attorney fees and court costs accruing out of said divorce proceedings."

The wife contends that the trial court was obliged to follow the husband's predecree statement on the well-known principle that in interparty contracts the intent of the parties is to be gathered by giving to the contract a fair and reasonable interpretation considered in the light of the circumstances under which it was made (Stevens v. Fanning, 59 Ill App2d 285, 207 NE2d 136), and that that intention will be given full force and effect unless it is repugnant to another rule of law or is against public policy and that the courts will not relieve against unwise or improvident agreements voluntarily and understandingly entered into between competent parties. Heckmann v. Mid States Development Co., 60 Ill App2d 113, 207 NE2d 715. We deal with a property settlement agreement signed by both parties. We also deal with a decree approved by the respective attorneys of each party. The language of each document is precise, plain, clear, unequivocal and devoid of any ambiguity.

Can testimonial interpretation of the husband furnish the springboard for modifying and altering the plain language of both documents? We think not.

Our decision in this case should be, we think, controlled by Brandel v. Brandel, 69 Ill App2d 264, 216 NE2d 21. In that case, the petitioner sought to enforce the provisions of the decree as it read. The respondent there did not file a counterclaim seeking a modification of the decree within any provisions of our Divorce Act, but took the position, as does the defendant here, that the negotiations prior to decree supported his interpretation of the agreement and the decree even though contrary to their express language. Without passing upon the

propriety of this contention, although recognizing it, the court turned to a principle grayed with age and venerated by repeated testing over the years. Simply stated, it is that the object of construction is to ascertain the intention which the parties have expressed in the language of the contract, and where the challenged instrument is unambiguous, the instrument itself affords the only criterion of the intention of the parties. 12 ILP, Contracts, § 213. Ambarann Corp. v. Old Ben Coal Corp., 395 Ill 154, 69 NE2d 835; Illinois State Toll Highway Commission v. M. J. Boyle & Co., 38 Ill App2d 38, 186 NE2d 390. We hold, therefore, as Brandel held, that there was no ambiguity either in the contract or in the decree and thus no question of construction arises. Even if it may be said that there was ambiguity arising out of the testimony of the plaintiff, two able lawyers and an able judge did not recognize it when the decree was presented and signed.

 The trial court allowed the defendant $100 attorney fees for the trial in the trial court, $600 to defend the first appeal, 51,642, and $200.00 to defend the second appeal, 51,731. Chapter 40, § 16, Ill Rev Stats 1967, provides "in case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense . . . as to such court shall seem reasonable and proper." When the dispute over the division of the proceeds of the property arose, it was agreed between the parties that the lending institution should retain the net proceeds, $4,321.91, until an order of court interpreting the decree. The trial court's order was entered on June 21, notice of appeal was filed July 6, appeal bond was approved July 11 and praecipe was filed for the record July 14. Thereafter the wife moved for the allowance of attorney fees. This came on for hearing on August 17, and she there testified that she had no funds to pay for attorney fees, that she had been paid $2,100 from the es-

crow fund and had given it to her mother to repay an indebtedness of about $3,000. She stated that she had no bank account and that she received this $2,100 about two weeks before. Thus at the time she parted with her $2,100, the appeal in 51,642 was then pending. With this knowledge, she nevertheless gave the $2,100 to her mother and thus emptied her purse. She did this, well knowing that the interpretation of the contract and the decree was not final. Thus by self-induced financial anemia, she now seeks a blood transfusion from her husband. Can she do this? We think not. We are aware of the rule that the allowance of attorney fees in divorce matters is a discretionary matter. Berg v. Berg, 85 Ill App2d 98, 229 NE2d 282. This rule is circumscribed, however, by the rule that the allowance is justified only when the court finds that one spouse is financially unable to pay the fees and the other spouse is able to do so. Jones v. Jones, 48 Ill App2d 232, 198 NE2d 195. These rules may also be tinted by examining the circumstances which initiate the invocation of a judicial proceedings for relief. It has been held that where the party upon whom the fees are sought to be imposed has done nothing which necessitated or required judicial action, the allowance of fees is error. Moore v. Black, 10 Ill App2d 339, 134 NE2d 347. Here the record shows that the wife was unemployed, but was receiving $60 per week child support, plus extraordinary medical and dental bills. There is nothing in the record as to the husband's financial ability to pay. The trial court and this court could take judicial notice, however, of the fact that there was in the escrow account 50 percent of the $4,321.91, which we assume for our purposes now was adequate to take care of attorney fees. By the same token, there was, after notice of appeal, in the same account for the benefit of the wife, completely unrestricted, a like amount until she disposed of it voluntarily with full knowledge that she had an appeal to defend.

We further observe that the original property settlement between the parties contemplated that each party would pay his or her attorney fees. This divorce suit was not fully terminated until there was a sale of the property and a disposition of the funds. While the allowance is not necessarily contingent upon ultimate success, under the circumstances here present, we conclude that it was neither reasonable, proper or just to tax the husband with the wife's attorney fees. Accordingly, the judgment of the trial court in 51,642 and the judgment in 51,731 are each reversed, and the judgment in 51,642 is remanded to the trial court with directions to enter an order authorizing and directing the lending agency to release 50 percent of the $4,321.91 to the husband and to release the remainder of said funds to the wife.

No. 51,731—reversed. No. 51,642—reversed and remanded.

TRAPP and CRAVEN, JJ., concur.