Thomas B. Harvey and Harriet H. Biggs, Plaintiffs-Appellants, v. Rolands of Bloomington, Inc., a Corporation, Defendant-Appellee.

Gen. No. 10,922.

Fourth District.

May 28, 1968.

Rehearing denied June 24, 1968.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (Whedon Slater and William C. Wetzel, of counsel), for appellants.

Campbell, Markowitz, Lawrence & Lenz, of Bloomington (William B. Lawrence, of counsel), for appellee.

SMITH, P. J.

We are asked to construe the following:

> "2. Tenant agrees in consideration of said extensions from Landlord, to pay an annual rental for said premises as follows:
>
>> "(a) Beginning September 1, 1960, to September 1, 1961, a minimum rental of $6,000.00 plus the cost of insurance and taxes.
>>
>> "(b) Beginning September 1, 1961, . . . a gross rental of ⅝ of 1% of tenant's owned departmental sales . . . less the cost of insurance and taxes paid, OR $6,000.00 a year, plus the cost of insurance and taxes, whichever computation produces the greater amount . . . ."

Plaintiffs, the landlord, sued the tenant for arrearages covering four rental years. They lost and now appeal. We are only concerned with subparagraph (b), but (a)'s inclusion is apropos. For the (a) rental year tenant paid landlord the minimum rental of $6,000, and into the bargain the taxes and cost of insurance. The minimum rental was not $6,000 + the cost of insurance and taxes, rather it was $6,000 and also the tenant paid the taxes and insurance. As we shall see, it makes a difference whether "plus" is synonymous with "+" or with some

such phrase as "and also," "over and above," "into the bargain," "besides," etc.

The dispute involves the interpretation to be given the phrase, "OR $6,000.00 a year, plus the cost of insurance and taxes, whichever computation produces the greater amount . . . ." The landlord reads this to mean that the first alternative (% of sales, less cost, etc.) is to be placed alongside $6,000 and the "greater amount" represents annual rent. They do not read it to mean that the first alternative should be compared with $6,000 + the cost of insurance and taxes. In reply, the tenant says that the "greater amount" is the larger of either % of sales less cost, etc., or $6,000 + cost, etc., and that when so determined, further computations are necessary as "the greater amount" does *not* equal annual rent. We have reduced their respective positions to the following formulae:

### THE LANDLORD'S

% of sales less taxes and insurance *paid* by tenant $=$ X

### OR

### $6,000

If X is greater than $6,000, X $=$ annual rental

If X is less than $6,000, annual rental is $6,000, in addition, tenant pays taxes and cost of insurance

### THE TENANT'S

% of sales less cost of insurance and taxes paid $=$ X

### OR

$6,000 + cost of insurance and taxes $=$ Y

If X is greater than Y, subtract cost of insurance and taxes from X, remainder equals annual rental

If Y is greater than X, annual rent is $6,000, in addition tenant pays taxes and cost of insurance

For the first year in question (1961–1962) it worked like this:

*Tenant's Computation*

| | |
|---|---:|
| % of sales | $9,826.22 |
| Less cost of insurance and taxes paid | —2,126.29 |
| Total (X) | 7,699.93 |

OR

| | |
|---|---:|
| Annual Rental | 6,000.00 |
| Add cost of insurance and taxes | +2,126.29 |
| Total (Y) | 8,126.29 |

Y being greater than X, annual rental is $6,000, in addition tenant pays cost of insurance and taxes.

Accordingly, tenant paid landlord $6,000 and also paid the cost of insurance and taxes. Landlord says rent was underpaid by $1,699.93 as follows:

*Landlord's Computation*

| | |
|---|---:|
| % of sales | $9,826.22 |
| Less taxes and insurance *paid* by tenant | —2,126.29 |
| Total (X) | 7,699.93 |

OR

$6,000

Since X is greater than $6,000, annual rent is $7,699.93.

Balance due is $1,699.93 ($7,699.93 — $6,000).

Likewise, for the next two years (1962–1964) tenant's Y figure ($6,000 + etc.) was greater than their X figure (% of sales—etc.) and they paid landlord $6,000 and over and above that paid the insurance costs and taxes.

447

For the landlord, however, X (always the same for both parties) was greater than $6,000, leaving unpaid as rent the difference between $6,000 and X for these two years.

For the last year (1964–1965) X was "the greater amount" for both of them, i. e., X was more than Y (tenant's) and X was more than $6,000 (landlord's). Even so, they differ substantially as to the rental amount:

*Tenant's Computation*

| | |
|---|---:|
| % of sales | $10,647.28 |
| Less cost of insurance and taxes paid | —2,058.46 |
| Total (X) | 8,588.82 |

*OR*

| | |
|---|---:|
| Annual Rental | 6,000 |
| Add cost of insurance and taxes | +2,058.46 |
| Total (Y) | 8,058.46 |

Since X is greater than Y, subtract $2,058.46 (taxes and insurance) from X and annual rent is $6,530.36, as follows:

| | |
|---|---:|
| | $8,588.82 |
| | —2,058.46 |
| Annual Rent | 6,530.36 |

*Landlord's Computation*

| | |
|---|---:|
| % of sales | $10,647.28 |
| Less cost of insurance and taxes paid by tenant | —2,058.46 |
| Total (X) | 8,588.82 |

*OR*

$6,000.00

Since X is greater than $6,000, annual rent is $8,588.82.

The differential is quite something. Tenant has paid $6,530.36 and contends it has done everything required. On the other hand, the landlord wants $2,058.46 more:

| | |
|---|---|
| X Figure | $8,588.82 |
| Amount Paid | —6,530.36 |
| Unpaid | 2,058.46 |

Who is right?

As we know in construing contracts, a literal or strict construction must give way to the purposes intended. As was said in United States Trust Company v. Jones, 414 Ill 265, 111 NE2d 144, 147, "the terms employed are servants and not masters of an intent, and are to be interpreted so as to subserve, and not to subvert, such intent." A strict construction which works a result different from that intended should not be adopted. Words can be enlarged or limited by the object or purpose because the real intention of the parties is what controls, not some particular word or phrase. Nor should we search out obscure possibilities in simple words or ascribe a particular meaning to a word that has more than one, if in doing so purpose is distorted. As best we are able, we should project ourselves into the position of those who uttered the words, such words being our sole criterion, assuming no ambiguity.

With these rules in mind, we are constrained to the view that the phrase, "the greater amount" is synonymous with annual rental, and that the word "plus" in the phrase "plus the cost of insurance and taxes," means "in addition to," "over and above," "and also," or "on top of." It is used adjunctively and not as an invitation to engage in an exercise in addition. It is not synonymous with the plus sign—+. Text must be read in context, and "whichever computation produces the greater amount" is circumscribed by "tenant agrees . . . to pay an annual rental for said premises as follows:" (b) is,

after all, a *sub*paragraph, and it is solely concerned with future rentals—"beginning September 1, 1961, . . ."— and the computations, such as they are, must directly relate to rent, not indirectly. To do otherwise is to wrench language from its moorings. Simply stated, the parties had in mind a minimum rental of $6,000, with an opportunity for the landlord to participate with the tenant if sales waxed fat, and if lean, then there was always the minimum. This is what percentage leases are all about— and this is a percentage lease. The landlord's formula is in accord with the reason that brought percentage leases into use, the tenant's however, produces a distortion— it does not produce "the greater amount" of rent. As Mr. Justice Oliver Wendell Holmes said, "We must think things, not words, or at least we must constantly translate our words to the facts for which they stand, if we are to keep to the real and the true."

The tenant's formula has an initial attraction—simply, which is greater X or Y. But they do not stop there. If X is "the greater amount," they do not want to call it rent, instead, they want to deduct what they have already deducted, the cost of insurance and taxes. Clearly, no words or phrases support such tack. Furthermore, if we do not equate "the greater amount" with "annual rent for said premises," the computations become ends in themselves. This possibility is so foreign to purpose and so obscure if words are to be given their natural meanings, that it must be rejected. "Falstaff's babbling of green fields has sometimes led meticulous critics to untenable conclusions." Evans v. Ockerhausen, 100 F2d 695, 702. The same may be said for adding taxes and cost of insurance to the minimum rent in determining their Y amount. There is some inexactitude in the use of the word "computation" because $6,000 standing alone is not a computation. Yet it, too, must be read in context, as after all, there is a computation in the landlord's for-

mula—the determination of X, and its comparison with $6,000 involves a computation of sorts.

Accordingly, the order appealed from is reversed and remanded with directions to enter judgment for the plaintiffs and against the defendant for the appropriate amounts found to be due for the years in question in a manner not inconsistent with this opinion.

Reversed and remanded with directions.

TRAPP and CRAVEN, JJ., concur.