MILDRED R. BREUER, Plaintiff-Appellee, *v.* GRANT W. BREUER, Defendant-Appellant.

(No. 55661;

First District—February 22, 1972.

Peterson, Lowry, Rall, Barber & Ross, of Chicago, (Irving G. Swenson and Michael M. Lane, of counsel,) for appellant.

Ralph G. Scheu, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Mildred R. Breuer (plaintiff) and Grant W. Breuer (defendant), were divorced by a decree entered in the Circuit Court of Cook County on October 16, 1964. The decree approved and incorporated therein a written property settlement agreement signed by the parties on October 9, 1964. By petition filed in the Circuit Court on September 8, 1969, plaintiff sought appropriate orders for payment by defendant of an alleged arrearage in child support. Defendant answered this petition. On September 21, 1970, the trial court entered an order requiring defendant to pay plaintiff an arrearage in the amount of $6250 and assessing fees for plaintiff's attorney in the amount of $1500. Defendant appeals from this order.

Defendant contends that the pleadings created an issue of fact on plaintiff's right to receive the alleged arrearage which the trial court failed to decide; that under a proper and reasonable construction of the settlement agreement no arrearage exists; and, finally, that the evidence was insufficient to warrant the award of attorney's fees. After a preliminary statement, these contentions will be considered in order.

The parties were married on January 27, 1945 and lived together until June 19, 1963. Three children were born to them. There were two boys, named Grant and Jeffrey, not concerned in this appeal, and a girl named Victoria Lee, now approximately 21 years old. The property settlement agreement contained a number of covenants not material here. It provited for payment of alimony to the wife and contained certain other provisions for her benefit. The parties agreed that the care, custody and education of the children should be vested in them jointly with right of reasonable visitation. Specific provisions for support of the children are contained in paragraph 6 of the agreement. Regarding the daughter, Victoria, we state in full paragraph 6(a) which is material here:

"6. That the husband shall pay for the support and maintenance of the said minor children the following items:

(a) With respect to Victoria Lee Breuer, the sum of Two Hundred Fifty Dollars (250.00) per month to the wife, commencing with the date of the entry of any decree for divorce and continuing for so long as the said child shall continue to reside in the home of the wife for the greater period of time and shall be pursuing her elementary, secondary, preparatory

or college education, irrespective of her attainment of her majority, and regardless of whether she shall be attending a public or private school, and in addition thereto the cost of tuition, transportation, books, special tutoring, and other fees in connection with the education of the said minor child, and, in the event the said child expresses a desire therefor, and the parties agree, any and all expenses of her maintenance and education at a suitable private school, whether elementary, secondary, or preparatory, including, but not limited by, books, uniforms, room, board, transportation, special tutoring, laboratory fees, activity fees, and any and all other expenses usually and ordinarily incident to such education. The wife and children shall have the right to reside anywhere within the Continental limits of the United States."

It is undisputed that defendant made all payments required for support of his daughter until September, 1968. Commencing from that date, he did not pay the stipulated amount of $250 per month. As of September 1, 1970, the amounts unpaid have accrued to a total of $6250. Paragraph 6(e) of the agreement provides that if either of the sons of the parties "* * * shall be residing with the wife * * *" the defendant will pay to plaintiff for their support and maintenance $7.50 per day for each son residing with her, including periods during which they were pursuing college or university education. Counsel agreed on oral argument that defendant made a tender of payment to plaintiff under this section of the agreement for part of the time during which the daughter resided with plaintiff but this was rejected.

The first contention of defendant is that the record presents an unresolved issue of fact requiring further hearing. Paragraph 4 of plaintiff's petition filed September 8, 1969 provides:

"4. The said Victoria Lee Breuer is and has for some years been living with plaintiff petitioner and is pursuing her education."

The answer of defendant to this petition filed September 29, 1969 alleges:

"4. This defendant denies that Victoria Lee Breuer is residing in the home of the petitioner for the greater period of time but admits that that she is pursuing her education."

■■ The answer does not deny this allegation of the petition but instead denies a statement not contained in the petition concerning "the greater period of time." This is an evasive denial which does not fairly answer the substance of the allegation. (Ill. Rev. Stat. 1969, ch. 110, par. 40(3).) It follows that the allegation of the petition in this regard stands admitted by defendant. *Guttman v. Salvaggio*, 117 Ill.App.2d 375, 381. See also *Kordik v. Kenar*, 112 Ill.App.2d 371, 376. Consequently, we find no issue of fact regarding the status of the daughter as residing

with plaintiff. The only issue presented by this record and decided by the trial court is that of a proper construction of the agreement between the parties. Construction of this document is solely a matter of law. (*Scott v. Instant Parking, Inc.,* 105 Ill.App.2d 133, 137; *La Salle Nat. Bank v. Wieboldt Stores, Inc.,* 60 Ill.App.2d 188, 202.) Thus, the significance and effect of the words, "for the greater period of time" contained in paragraph 6(a) and in paragraph 4 of the answer of defendant, was a matter of law for determination by the trial court with appropriate review by this court.

■■ We proceed now to the second contention of defendant regarding the proper and reasonable construction of the property settlement agreement. Both sides to this controversy have attempted to inject equitable arguments and considerations into this appeal. In this regard, we adhere to the time honored maxim that Equity follows the Law. We cannot and will not write a new agreement for these parties. *Robinhorne Const. Corp. v. Snyder,* 113 Ill.App.2d 288, 297 citing *Freeland v. Edwards,* 11 Ill.2d 395, 401.

As might be anticipated, the briefs of both parties contain numerous citations of legal authorities. In a situation of this kind, none of these cases is specifically applicable. This agreement is *sui generis.* Its precise language presents a unique problem, necessarily of first impression. No case is cited, and probably none exists, which deals with the identical language and circumstances presented by this agreement. We can, however, state certain general and fundamental rules of construction which are applicable here and which have been advanced by able counsel for both sides.

■■■ In construing this contract, our prime function is to ascertain the intent of the parties so that we may come to a proper and reasonable construction of the meaning of the written language used by them. (*Martindell v. Lake Shore National Bank,* 15 Ill.2d 272, 283. See also *Harvey v. Rolands of Bloomington, Inc.,* 94 Ill.App.2d 444, 449.) In addition we should not limit our consideration to the single clause which presents the issue between the parties but we must consider the entire instrument in which the clause is contained. *Donahue v. Rockford Showcase & Fixture Co.,* 87 Ill.App.2d 47; *Marshall Field & Co. v. J. B. Noelle Co.,* 81 Ill.App.2d 409.

■■ With these thoughts in mind, we proceed to a study of paragraph 6(a) of the agreement. It appears readily that the defendant agreed to pay $250 per month to the plaintiff for the benefit of their daughter as long as she was pursuing her school career, including college, even after she had attained her majority. In addition, defendant agreed to pay the cost of tuition, transportation, books and other fees in connection with

the education of his daughter. We learn from this decree and agreement that the two sons lived with their father, whereas the daughter lived with her mother. The latter fact also stands admitted by defendant's answer to plaintiff's petition. The agreement also contains a condition that the stipend of $250 per month shall be paid "for so long as the said child shall continue to reside in the home of the wife for the greater period of time." It seems to us that the adjective "greater" as used here in modifying the words "period of time" applies necessarily to a comparison of the period during which the child lived with the mother and any period during which she might live with the father. That is, if the child were to take up her permanent residence with her father, she would be residing with him for the greater period of time. This conclusion is buttressed by paragraph 6(e) which provides that if either son should be residing with the wife, the husband would make payment to the wife for the expenses of that child. Other than this provision, the decree contains only a general covenant by defendant for support of the two sons.

The main argument advanced by counsel for defendant rests upon the premise that since the daughter was attending college during the disputed period, she was spending a "greater period of time" at college than at the mother's home and therefore no support payments to the mother were required. This is based upon the incorrect assumption that the word "greater" involves a comparison between the period of time during which the daughter was physically present in school and the period of her actual presence in the home of the mother. The agreement fails to justify such comparison. Although the daughter may have been physically absent from the mother's home while actually attending school, her place of residence remained with her mother. The parties to this agreement themselves recognized that the home and residence of their children remain that of the parent with whom they reside even while they are physically absent at school. Paragraph 6(d) of the agreement specifically makes reference to the situation of one of the sons, "* * * who is presently attending college and residing with the husband * * *."

Predicated upon the above, we must reject the argument by defendant that the order appealed from requires duplication of payments by him. We construe this property agreement as providing for a continuation of payments of $250 per month to plaintiff for the benefit of the daughter, Victoria, as long as she resides with her mother for a greater period of time than with her father, throughout completion of her college education. We, therefore, affirm those portions of the order appealed from which provide for payment of any existing arrearage in child support.

■■ The next contention involves the question of plaintiff's attorney's fees in the amount of $1500 allowed by the court. We are in accord with

the general principle advanced by defendant regarding allowance of attorney's fees. This court has very recently stated the established and applicable theory as follows. *McLeod v. McLeod,* (Ill. App.3d), 272 N.E.2d 834, 836:

"It has long been the law in Illinois that in a divorce proceeding allowance of attorney's fees is not automatic but depends upon a showing that one of the parties is financially unable to pay their own fees and that the opposing party does have such ability. *Ganzer v. Ganzer,* 110 Ill.App.2d 394, 398, 249 N.E.2d 660; *Cimino v. Cimino,* 93 Ill.App.2d 412, 418, 236 N.E.2d 299; *Berg v Berg,* 85 Ill.App.2d 98, 101, 229 N.E.2d 282; *Lauzen v. Lauzen,* 81 Ill.App.2d 472, 476, 225 N.E.2d 427; *Roback v. Roback,* 59 Ill.App.2d 222, 231, 207 N.E.2d 130; and *Jones v. Jones,* 48 Ill.App.2d 232, 239, 198 N.E.2d 195."

See also *Glassman v. Glassman* (Ill.App.2d), 273 N.E.2d 177, 1178.

No point is raised by defendant regarding the amount of the allowance. This record shows that the services rendered by counsel for plaintiff in the trial court, quite apart from additional services rendered in this court, were more than sufficient to justify the award. Counsel for plaintiff contends that the court was amply informed by the record in this cause with reference to the ability of the defendant to pay the fees in question. Even conceding this, however, no evidence was heard by the court on the question of the inability of plaintiff to pay her own attorney's fees. The only evidence offered was the testimony of plaintiff's counsel regarding extent and value of his services. The refusal of counsel for defendant to cross-examine opposing counsel cannot be construed as a waiver of the necessary evidence regarding ability of the parties to pay.

Consequently, those portions of the order appealed from which provide for payments of child support are affirmed, and that portion of the order which provides for an allowance of attorney's fees to plaintiff is reversed and the cause is remanded to the Circuit Court of Cook County with directions to hear the evidence and determine if attorney's fees are properly allowable here against defendant; and, if so, to fix the fair and reasonable amount thereof as accrued to the time of such hearing; including services rendered by counsel for plaintiff in the within appeal.

Order affirmed in part and reversed in part and remanded.

BURKE and LYONS, JJ., concur.