CHARLOTTE MOREAU, Plaintiff-Appellee, *v.* ROBERT MOREAU, Defendant-Appellant.

(No. 57177;

First District (2nd Division)—January 23, 1973.

Freeman & Molenaar, Ldt. of Lansing, (James E. Molenaar, of counsel,) for appellant.

Miller, Schneider & Galasso, of Chicago, for appellee.

PER CURIAM:

Robert Moreau appeals from the order of the trial court requiring him to pay $1,500 as his share of Mrs. Moreau's attorney's fees, totalling $2,460, allegedly incurred for representation in the divorce action, contending there was no showing that she was financially unable and he financially able to pay them and, that the amount of fees claimed was excessive.

On February 23, 1971 plaintiff, Charlotte Moreau, filed a complaint for divorce against defendant, Robert Moreau, alleging both mental and physical cruelty as grounds and also asking for temporary and permanent alimony and attorney's fees, an injunction against Mr. Moreau, and for the distribution of certain property. After hearing, on October 27, 1971 the trial judge signed a decree of divorce containing a finding that "the defendant is employed and earning a substantial income and is more able to pay the plaintiff's attorney's fees in connection with this action than is the plaintiff." The judge ordered defendant to "pay as his share of attorney's fees" $1,500 to plaintiff's attorney.

Plaintiff testified at trial on her own behalf about her circumstances; in particular, that she was employed with an income of $800 a month, but that she required $800 to $850 a month "to live," that she had been "forced to borrow" $2,500 from her former employer. Mr. Moreau, called by plaintiff under Section 60 of the Civil Practice Act, testified that he owned stock worth $200, a 1969 Pontiac station wagon on which he owed seven payments of $120.86 each, that he was employed as a truck driver earning from $70 to $80 a week, "not working full time." The decree contained a provision that the home in Garfield, Indiana was to remain in joint tenancy, the proceeds to be divided equally upon sale, but did not order the property sold.

At the conclusion of the testimony, the trial judge stated:

"There will be a finding for the plaintiff on the grounds of divorce.

I will hear evidence, regarding fees. I believe that the plaintiff is making more than the defendant and alimony will be denied." T. 262.

■■ It is well settled that granting of attorney's fees in a divorce action is discretionary with the trial court, but depends, nonetheless, on the relative ability of the parties to pay. (*Canady v. Canady* (1964), 30 Ill.2d 440, 446, 197 N.E.2d 42; *Jones v. Jones* (First Dist., 1964), 48 Ill. App.2d 232, 198 N.E.2d 195.) Where the defendant specifically asks to be heard on the question of fees, the court should hear the evidence of petitioner's needs, defendant's ability to pay, and what work was done and the value of the services rendered.

■■ Such hearings were held in the case at bar. The trial court had before it the evidence of the relative financial situation of the parties and held a special hearing devoted exclusively to the question of attorney's fees. The fact that the trial court found that the plaintiff was "making more" than Mr. Moreau and denied alimony is not, as defendant maintains in his Brief, conclusive on whether she was able to pay all of her attorney's fees. Mr. Miller testified that a total of $2,460 was owed to

him for legal services rendered on behalf of Mrs. Moreau. The trial court ordered Mr. Moreau to pay $1,500 of the total amount leaving Mrs. Moreau with a bill of $960. Thus, the court made a 60%/40% apportionment of the total amount as between Mr. and Mrs. Moreau. Defendant was heard on the matter and no abuse of discretion was shown. Therefore, we affirm that portion of the trial court's order.

■■ However, on this record, it is not clear that the fees awarded were fair and reasonable. First, the arithmetic is incorrect. Plaintiff's attorney claimed at the outset of his testimony to have spent 59 hours in the office and nine and one-half hours in court (68½ hours total), at $35 and $50 per hour respectively, which adds up to $2,540, not $2,460 as stated in Mr. Miller's testimony. In addition, the total time is itself unclear. An analysis of the testimony reveals 24 items totalling 59¾ hours, not 68½ hours, as claimed by plaintiff. The testimony of plaintiff's attorney is at points unclear, generalized and difficult to follow. The record contains no bills and no written accounts and no detailed breakdown of the nature or necessity of the services performed.

A total 35½ hours ($1242.50 when billed at $35 per hour) of the legal services are variously characterized by Mr. Miller in his testimony as "conferences," "consultations," "discussions" and the like. In addition, four full hours were claimed to have been spent preparing plaintiff for trial. There is no adequate showing in the record that these 35½ hours, or any significant portion of them, were reasonably required and necessary for the proper performance of the legal services involved in this case. If, as Mr. Miller testified, the complaint and decree required 3 hours and 5 hours respectively, to draft, it is not shown that defendant was responsible. See *Cimino v. Cimino* (1968), 93 Ill.App.2d 412, 236 N.E.2d 299.

■■ The order awarding attorney's fees is reversed and the cause remanded to the Circuit Court of Cook County with directions to hear the evidence and determine the "fair and reasonable" value of the services; *cf. Breur v. Breur* (First District, First Division, 1972), 4 Ill.App.3d 179, 280 N.E.2d 518. We affirm that part of the judgment which apportioned the fees.

Judgment reversed in part with directions and affirmed in part.