ELOISE POPEIL, Plaintiff and Counterdefendant-Appellee, *v.* SAMUEL J. POPEIL, Defendant and Counterplaintiff-Appellant.

(No. 59902; 

First District (1st Division)—July 15, 1974.

*Rehearing denied August 13, 1974.*

Rinella & Rinella and Winston & Strawn, both of Chicago (Samuel A. Rinella, Stuart N. Litwin, and George B. Christensen, of counsel), for appellant.

Charles D. Stein, of Chicago (Gottlieb and Schwartz, of counsel), for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

This is an appeal from two orders awarding temporary alimony and child support and temporary attorneys' fees to the plaintiff-counter defendant, Eloise Popeil (hereinafter the plaintiff). The defendant-counter plaintiff, Samuel Popeil (hereinafter the defendant), appeals on the grounds that he was denied both discovery of the plaintiff and a hearing on probable cause on his countercomplaint and that the evidence does not justify the amounts awarded.

This case arose as an action brought in 1965 for separate maintenance by the plaintiff. The defendant raised affirmative defenses in his answer to the complaint and filed a counter-complaint for divorce on the grounds of adultery. Count II of the countercomplaint alleged grounds for annulment of the parties' marriage. The plaintiff responded, denying the

charges in the countercomplaint. The parties thereafter reconciled and the case was put on the dormant calendar in January, 1966. The cause was ordered restored to the trial calendar in August, 1973. On August 20, 1973, the defendant filed his motion for summary judgment on both counts of his countercomplaint, and the plaintiff moved for dismissal of the defendant's motion and for temporary alimony, child support and attorneys' fees. After hearings the court ordered temporary alimony and child support of $2750 for the period October 5 through November 5, 1973, and reserved the question of attorneys' fees.

Three hearings were held in November, 1973, culminating on November 14 in a temporary support order of $4250 per month for 4 months plus $10,000 temporary attorneys' fees. On December 3, 1973, the defendant moved to vacate the court's order of November 14, 1973, on the ground, among others, that the court failed to conduct a requested probable cause hearing on Count I of the countercomplaint and that the court refused to compel plaintiff's discovery deposition prior to the November hearings. In an order entered January 8, 1974, the court denied the motion for summary judgment and the motion to vacate and struck Count II of the countercomplaint. The defendant appeals from the orders of November 14, 1973, and January 8, 1974, with respect to the provisions regarding temporary alimony and child support and temporary attorneys' fees.

The sole issue before this court is whether the trial judge abused his discretion in ordering temporary alimony and child support and temporary attorneys' fees. The defendant argues that the court erred in issuing such orders because he was denied the opportunity of discovery of the plaintiff, because he was denied a hearing on probable cause on his countercomplaint and because there was no evidentiary basis for the amount awarded as alimony, child support or attorneys' fees.

■■ The defendant's first argument is without merit. The trial judge issued an order for reciprocal discovery depositions to be taken on October 29, 1973. The defendant appeared for the purpose of being deposed but refused to produce certain documentation of expenses incurred for the support of his family in California. He argues on this appeal that because the depositions were to be reciprocal, the statutory sequence, starting with the first one to seek discovery, is superseded. (Ill. Rev. Stat. 1973, ch. 110A, par. 201(e).) Hence, he continues, the court abused its discretion in refusing to grant a continuance for the purpose of deposing the plaintiff. We do not agree. Assuming, arguendo, the validity of the argument that the plaintiff had no right to complete her deposition of the defendant before herself submitting to discovery, the issue remains whether the court exceeded its discretionary powers. In the area of

pretrial discovery, these powers are extremely broad. (Ill. Rev. Stat. 1973, ch. 110A, par. 201; *Anastos v. O'Brien*, 3 Ill.App.3d 1015, 279 N.E.2d 759.) Moreover, the court is specifically empowered to direct and/or restrict discovery by issuing whatever order justice requires to prevent abuse of the discovery procedures. (Ill. Rev. Stat. 1973, ch. 110A, par. 201(c)(1).) The proceeding here was one for temporary payments to sustain the plaintiff through the litigation. The court made clear his concern that the plaintiff, who testified as to her inability to meet her monthly expenses, needed money. It is obvious from the record that the needs would only become more pressing with each delay in reaching trial on the merits. The court saw the need for resolution of the issue of temporary payments to prevent the defendant from using his superior financial position to penalize the plaintiff. It is clear from the record that the defendant, because of the system he set up to pay his family expenses (many bills were sent directly from the sellers and others were simply forwarded to the defendant by the plaintiff), controlled the records of expenditures for the family's stay in California. In view of the limited value of the plaintiff's deposition to the issue at hand, therefore, and the defendant's refusal to turn over the relevant records, we find that the court did not abuse its discretion in refusing a continuance.

The defendant's next argument is that he was denied a hearing on probable cause as to his counterclaim, proof of which could result in the denial of any payments to the plaintiff. The applicable statute is section 16 of the Divorce Act, which states in pertinent part:

"16. Temporary alimony—Suit money—Attorney's fees—Enforcement.] § 15. In all cases of divorce the court at any time after service of summons and proper notice to the husband or wife may require the husband to pay to the wife or pay into the court for her use or may require the wife to pay to the husband or pay into the court for his use during the pendency of the suit such sum or sums of money as may enable her or him to maintain or defend the suit; and in every suit for a divorce the wife or the husband when it is just and equitable, shall be entitled to alimony during the pendency of the suit, provided that no order or decree for alimony shall be entered until the court has determined from evidence the condition in life of the parties and their circumstances. The court may, in its discretion reserve the question of the allowance of attorney's fees and suit money until the final hearing of the case and may then make such order with reference thereto as may seem just and equitable, regardless of the disposition of the case. In case of appeal by the husband or wife, the

court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper. Provided, that in divorce proceedings in which either spouse petitions for alimony during the pendency of the suit, or for attorney's fees or suit money before the case has been finally adjudicated, and a complaint or counter-claim has been filed in such divorce suit by the party not so petitioning, making charges which, if sustained by proof, would entitle the respondent to such petition for alimony to a decree of divorce, the court shall have discretion to allow such temporary alimony or attorney's fees or suit money, but upon application of the respondent shall conduct forthwith a preliminary hearing to ascertain whether it is probable that the respondent can sustain such charges; and if the court finds that it is probable that the respondent can sustain such charges, then such temporary alimony or attorney's fees or suit money may, within the discretion of the court, be granted or denied, or reserved until the final hearing of the case." Ill. Rev. Stat. 1973, ch. 40, par. 16.

The defendant argues that the court did not comply with this statute in that the requested hearing on probable cause was not held before temporary payments were ordered. The broad discretion granted trial judges in the awarding of temporary payments is evident in the cited statute. Temporary payments may be awarded even if probable cause is shown, depending, of course, on the circumstances of the case.

■■ The defendant's argument turns on the question of whether he was truly denied a hearing. The record establishes that the trial judge fully intended to effect a speedy determination of the probable cause issue. The judge indicated he was prepared to hold the hearing forthwith, as directed in the statute. There is, however, only the barest hint in this record that the defendant was ever prepared to proceed with such a hearing. This is contained in a statement by the court:

"Insofar as a probable cause hearing is determined, counsel had an opportunity to fly his witnesses in from California; had time, but the court was unable to proceed."

The defendant's counsel's representations that he had the necessary witnesses ready to proceed, combined with this ambiguous statement by the trial court, is not persuasive on the issue of whether the defendant was denied a hearing on probable cause through no fault of his. And this, it seems to us, is the logical standard to use in a case such as this. The discretion left in the trial judge is broad enough to accommodate

temporary payments prior to a hearing on probable cause where it is not clearly established that the one requesting the hearing was prepared to proceed. Any other rule would allow the counterclaiming party to delay any kind of payment simply by requesting a probable cause hearing and then being dilatory about proceeding. For all of these reasons, we find that the trial judge did not abuse his discretion in refusing to delay the cause further for a hearing.

■■ The defendant's third argument, that the amounts awarded for temporary alimony and child support are not supported by the evidence, also raises the question of the court's broad discretion in the allowance of temporary payments. Temporary payments are to be determined after examining the circumstances of the parties. (Ill. Rev. Stat. 1973, ch. 40, par. 16.) The plaintiff's testimony as to the financial needs of maintaining her household was based, admittedly, on some guesswork. We will not, however, allow the defendant to take advantage of a system of support set up by him to abrogate his duty to support his family. The record is clear that the defendant was the party who had records of the cost of supporting his family. He indulged the plaintiff by allowing her whatever she asked; he imposed no limits on her spending and asked for no accounting. She lacks records of her necessary expenses because of the defendant's practices. We find no abuse of the court's discretion in a case like this in awarding temporary payments based on her testimony, in light of the defendant's admission that he was capable of making the payments. A full hearing is still available to him on the issue of permanent alimony.

■■■ The defendant's final argument is that the award of temporary attorneys' fees was excessive. Here, too, the court's exercise of discretionary power will not be overturned unless abuse is shown. (*Ulm v. Ulm*, 132 Ill.App.2d 726, 270 N.E.2d 581.) The plaintiff was obliged to show the defendant's ability and her own inability to pay the fees. (*Jones v. Jones*, 48 Ill.App.2d 232, 198 N.E.2d 195.) The record supports a finding that she fulfilled her obligation of proof. In reaching this decision we reject the defendant's contention that because the plaintiff owned real estate in joint tenancy with her husband, she was able to support herself. The case cited by the defendant to this effect involved a woman who owned substantial assets other than real estate and is not applicable to the instant case. (See *Glassman v. Glassman*, 133 Ill.App. 2d 609, 273 N.E.2d 177.) The liquidity of a wife's assets is certainly a factor with respect to her ability to pay her attorney.

■■ The defendant goes further and challenges the amount of the attorneys' fees awarded. He failed to seek an evidentiary hearing on

this issue at trial, however, and is now precluded from challenging the amount of the award. *Jones v. Jones*, 48 Ill.App.2d 232, 198 N.E.2d 195. For the reasons stated, the orders are affirmed.

Orders affirmed.

EGAN, P. J., and HALLETT, J., concur.