Delores Jacobson, Plaintiff-Appellee, v. Stanley Jacobson, Defendant-Appellant.

Gen. No. 49,208, 49,209.

First District, Second Division.

June 23, 1964.

Rehearing denied August 3, 1964.

Joseph L. Baime and Jerome H. Torshen, of Chicago, for appellant.

Peterson, Lowry, Rall, Barber & Ross, and John J. Enright, all of Chicago (Owen Rall and Peter M. Sfikas, of counsel), for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

A decree of divorce entered in the Superior Court of Cook County on August 18, 1960 contained the following provision which is the basis of this appeal:

> "The Court further finds that the parties have entered into a settlement agreement subject to the approval of this Court, as follows:
>
> "1. Defendant shall pay to the plaintiff the sum of $15,000 as a lump sum settlement in lieu of all alimony, support, dower, property rights, rights of inheritance, and all other such rights, payable as follows:
>
>> $4,000 upon the entry of this Decree;
>> $1,750 on June 1, 1961;
>> $1,750 on December 1, 1961;
>> $1,750 on June 1, 1962;
>> $1,750 on December 1, 1962;
>> $2,000 on June 1, 1963; and
>> a final installment of $2,000 on December 1, 1963.
>
> "The said payments shall be paid to the plaintiff without contingency of any kind, and shall abate for no reason whatever, and shall expressly be payable notwithstanding her remarriage or the death of the defendant; but, in the event of the prior death of the plaintiff before the said total sum shall have been fully paid, the unpaid installments, as they become due, shall be paid by the

> defendant to the aforesaid two minor children of the parties hereto, or, in the alternative, shall be deposited in individual bank accounts for the said two minor children."

The issue is whether defendant's obligation to pay the $15,000 specified in the decree is a settlement in lieu of alimony (sometimes called alimony in gross) or ordinary alimony. All the payments due and accruing to plaintiff Delores Jacobson under the decree prior to December 1, 1962 have been paid to her by defendant Stanley Jacobson. At some date prior to December 1, 1962 plaintiff was remarried and is now known as Delores Jacobson Phillips.

On December 10, 1962 defendant filed a petition in the Superior Court of Cook County wherein he alleged the remarriage of plaintiff and requested that he be absolved from making further payments to her. Plaintiff filed an answer to defendant's petition. In a subsequent pleading defendant prayed that an order be entered directing him to pay to the two minor children of the parties the future installments due and accruing under the aforesaid decretal provision. Plaintiff then filed a petition seeking an allowance of attorney's fees relative to the post-decree proceeding, to which defendant filed an answer.

On February 1, 1963 the chancellor filed a memorandum decision denying both defendant's petition and plaintiff's counterpetition, and on February 6, 1963 he entered a formal order to that effect. Both parties moved for a reconsideration of the order; on March 12, 1963 the chancellor denied defendant's motion but allowed plaintiff's motion and awarded to her the sum of $850 for attorney's fees. Subsequent to defendant's perfecting his appeal from the aforesaid orders, plaintiff filed her petition asking for an award of additional attorney's fees and costs to cover legal services and expenditures relative to the defense of the appeal.

On April 26, 1963 the chancellor entered an order awarding to plaintiff the additional sum of $800 attorney's fees plus $200 for appeal costs. Defendant took a separate appeal from this latter order. The two appeals have been consolidated, pursuant to order of this court.

■ Both parties agree that their rights are to be resolved by an interpretation of section 19 of the Divorce Act (Ill Rev Stats 1963, c 40), the relevant sentence of which provides:

> "A party shall not be entitled to alimony and maintenance after remarriage; but, regardless of remarriage by such party or death of either party, such party shall be entitled to receive the unpaid instalments of any settlement in lieu of alimony ordered to be paid or conveyed in the decree. . . ."

The problem lies in defining what constitutes a "settlement in lieu of alimony." The method of payment, as well as the terms and labels used by the parties and those used in the decree, is not conclusive in determining the nature of the settlement. As the court in Walters v. Walters, 341 Ill App 561, 574, 94 NE2d 726 (1950), affd 409 Ill 298, 99 NE2d 342 (1951), said:

> "It is not the label placed by decree upon payments which constitutes them either alimony or lump sum property settlements; it is the elements inherent in the case as a whole, the record of which the decree is a part, which determine to what category such payments belong."

See also: Notes, Lump Sum Settlement in Lieu of Alimony and Effect of Remarriage Thereon, 45 Ill L Rev 803 (1950–1951). The problem is a factual one—whether the payments stem from the natural and legal duty of a husband to support his wife or from the legal

247

and equitable interests the wife may have in property accumulated by the parties during their marriage, that is, whether they stem from an alimony or from a property settlement.

In the case at bar there is a conflict, on the one hand, between the provision in the decree that if plaintiff should die before she received all the installments payable to her by the terms of the decree the remaining installments should be paid to the two children of the parties, and, on the other, the findings and orders entered by the court granting a decree of divorce which includes the following finding:

> "1. Defendant shall pay to the plaintiff the sum of $15,000 as a lump sum settlement in lieu of all alimony, support, dower, property rights, rights of inheritance, and all other such rights, . . ."

This finding is couched in almost the same language as the provision of section 19 of the Divorce Act which deals with a settlement in lieu of alimony. In addition, the court ordered that the payment of the $15,000 by defendant "shall be paid to the plaintiff without contingency of any kind, and shall abate for no reason whatever, and shall expressly be payable notwithstanding her remarriage or the death of the defendant; . . ."

The clear and unequivocal language of the findings and orders of the court can refer only to a settlement in lieu of alimony. Defendant agrees to this interpretation but claims that the following provision requires an interpretation of the settlement as ordinary alimony:

> "[B]ut, in the event of the prior death of the plaintiff before the said total sum shall have been fully paid, the unpaid installments, as they become due, shall be paid by the defendant to the

aforesaid two minor children of the parties hereto, or, in the alternative, shall be deposited in individual bank accounts for the said two minor children."

The question, then, is whether the above quoted language is sufficient to overcome the clear and unequivocal language of the decree providing for a settlement in lieu of alimony.

■ The decree provided for a definite ascertainable amount which defendant was obliged to pay without any contingency as to either amount or time. The cases do not support defendant's contention that a contingency as to who will receive the payments is sufficient to turn the settlement into ordinary alimony. In the Walters case the court passed on an agreement which obligated the husband to pay the wife $34,540 during a ten-year period. The husband's obligation, as in the case at bar, was absolute. The Appellate Court went to some length to define terms and said (567, 568):

"It [alimony] is for an indefinite period of time and usually for an indefinite total sum. . . .

"On the other hand, the phrase 'alimony in gross' or 'gross alimony' is always for a definite amount of money; the payment is always for a definite length of time; it is always a charge upon the husband's estate and has uniformly been held by our courts to be not modifiable."

In the case before us there is a definite amount of money the husband is obligated to pay—$15,000—and the husband must make payments over a definite length of time—from August 18, 1960 to December 1, 1963; and this obligation does not abate upon defendant's death.

In the specially concurring opinion in the Appellate Court Walters decision it is made clear that the con-

tingency that makes an award ordinary alimony is a contingency as to the amount or time of payment, not a contingency as to who will receive the award. The specially concurring justice stated (581):

> "In the latter [alimony in gross] there is a single award or allowance of an ascertained, fixed sum, payable absolutely and not conditionally or contingently, in a single payment or in instalments, and therefore a vested right in the beneficiary from the entry of the decree. . . ."

In resolving the problem in the Walters case the same justice said (582, 83):

> "The decree before us meets all the tests of a settlement and award of alimony in gross. The amount to be paid is fixed and certain. The obligation to pay is absolute and not conditional or contingent. . . . Plaintiff's right to the award and each instalment thereof vested on the entry of the decree. The court could not take that right away from her."

Measured against these tests, the award in the instant case is clearly alimony in gross.

The recent case of Kohler v. Kohler, 31 Ill App2d 151, 175 NE2d 603 (1961), is in point. That case involved an award of " '$169,080 in full settlement of all claims for alimony, past, present and future,' " payable in installments. The award also included certain realty with a mortgage which the plaintiff was to assume. If the plaintiff sold or did not occupy the mortgaged realty at any time within fifteen years from the entry of the decree, the defendant was entitled to a specified reduction in the amount of his payments. The court said (155):

> "[H]e [defendant] proceeds on the assumption that if the amount of the award is at all con-

tingent, it does not come within the category of alimony in gross and is therefore modifiable. The defendant then points out that the amount of the award is contingent since this amount could be reduced . . . if the plaintiff sells or does not occupy the realty . . . any time prior to 15 years from the entry of the Decree."

The court stated that this contingency in the amount the plaintiff was to receive was not the kind of contingency which would make the award ordinary alimony. The award was not related to the defendant's earning capacity or the needs of the plaintiff; the award was binding upon the husband's estate. So likewise in the case at bar—the contingency is not related to defendant's earning capacity or the needs of the remarried wife; plaintiff's right to the award vested on the entry of the decree. The amount defendant is required to pay, as well as the time within which he must pay, is not subject to modification. The award is contingent only with respect to who will receive it in the event plaintiff should die before the total sum is paid to her, and this contingency is not sufficient to turn the award into ordinary alimony.

The decision in Adler v. Adler, 373 Ill 361, 26 NE2d 504 (1940), is of no help to defendant. To constitute alimony in gross the award must be for a definite amount of money. This definiteness did not exist in Adler, but does exist in the case at bar.

█ The clear and unequivocal language of the findings and orders of the trial court were not overcome by the contingency that if plaintiff should die before she received all the installments payable to her by the terms of the decree the remaining installments should be paid the two children of the parties. The findings and orders of the trial court provided for a settlement in lieu of alimony; therefore plaintiff's remarriage did not affect defendant's obligation to pay the unpaid installments of the award.

■■ It is also urged that the award of attorney's fees and appeal costs for plaintiff was an abuse of the trial court's discretion. Defendant's position that plaintiff is not entitled to an allowance of attorney's fees for the enforcement of the payment of installments falling due after plaintiff's remarriage is based on the premise that plaintiff was not entitled to such installments, but since we hold otherwise there is no merit to defendant's argument. In Kijowski v. Kijowski, 36 Ill App2d 94, 183 NE2d 583 (1962), the court said (100, 101):

> "The allowance of fees in divorce proceedings 'rests in the sound discretion of the trial court, and, unless such discretion is clearly abused, its exercise will not be interfered with.' (Ylonen v. Ylonen, 2 Ill2d 111, 121, 117 NE2d 98.)
>
> "The earlier cases seem to emphasize the need for evidentiary support for the awarding of fees. [Citations omitted.] More recently, however, it has been held that, in the absence of a request for the hearing of evidence, the chancellor may base an award on the financial circumstances of the parties as shown by the record, statements of counsel as to necessary services, and the chancellor's own experience. [Citation omitted.] There was no request for the taking of testimony as to fees in the case at bar."

For the reasons indicated, the orders providing that defendant pay the installments according to the terms of the divorce decree, and the orders providing for attorney's fees and costs in the trial court and on appeal are affirmed.

Orders affirmed.

BURKE, P. J. and BRYANT, J., concur.