Marlene Joy Rabin, Plaintiff-Appellee, v. Michael S. Rabin, Defendant-Appellant.

Gen. No. 49,685.

First District, First Division.

March 15, 1965.

Bernard Hammer and Henry A. Kalcheim, of Chicago, for appellant.

Alfred M. Walter and Howard T. Savage, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from an award of temporary alimony which the Divorce Division of the Circuit Court granted to the plaintiff, Marlene Joy Rabin, pending the determination of her suit for divorce.

The plaintiff's complaint alleged that she and the defendant were married on March 10, 1963, and separated somewhat less than five months later; that on two named dates the defendant was guilty of extreme and repeated cruelty and that without fault on her part the parties separated and have been living separate and apart. The plaintiff prayed that the marriage be dissolved and that her maiden name be restored to her. The complaint contained no prayer for alimony.

The defendant filed his appearance and jury demand. In his answer, he denied that he was guilty of the alleged cruelty and he averred that the plaintiff had left their home without cause, reason or provocation so that they were living separate and apart without the defendant's fault. The defendant also filed a counterclaim for separate maintenance alleging, among other things, that he believed that the plaintiff planned to go to Nevada to fraudulently obtain a divorce. The defendant prayed for a decree of separate maintenance and an injunction enjoining the plaintiff and others from filing a complaint for divorce in any other juris-

194

diction. To this counterclaim the plaintiff filed a general denial.

By leave of court, the plaintiff subsequently filed an amended complaint for divorce, in which the plaintiff re-alleged the two dates on which acts of cruelty took place, but alleged certain additional details which are not relevant here. Plaintiff further alleged that no child had been born of the marriage; that, as a result of the illness induced by the defendant's alleged acts of cruelty, the plaintiff is unable to seek gainful employment and is without means to support herself; that the defendant is gainfully and regularly employed as a partner with his father in a substantial drug business for which the defendant receives a compensation of $200 per week plus bonuses and hence the defendant is financially able to support and maintain the plaintiff and to pay her attorney's fees; and that the defendant appropriated to his own use and benefit all the proceeds of a joint bank account, most of the funds in which were supplied by the plaintiff, and certain post-marital cash gifts received by the plaintiff. In addition to the amended complaint for divorce, the plaintiff filed a petition for temporary maintenance and support and for temporary attorney's fees. The defendant filed an answer to the amended complaint and the petition denying all the allegations except those concerning the residence of the plaintiff, the fact of the marriage and the absence of children born of the marriage.

After several continuances by agreement of counsel, the matter of temporary alimony came on for hearing. The evidence pertaining to the matter of support may be summarized as follows: The plaintiff, who was twenty-two years of age and who had had two years of college, testified that she left the defendant on August 6, 1963, and went to live with her parents; that at the

time she negotiated a settlement agreement with her husband, she said she was not seeking alimony; that her parents were providing her lodging, food and clothing, without charge, and were giving her money as she needed it. Plaintiff said that she was seeking support from her husband because she wanted to move out of her parents' home and get her own apartment, food and clothes. There is no evidence in the record concerning the plaintiff's needs, her general state of health at the time of the hearing or her ability to work and contribute to her own support.

The defendant testified that his gross, weekly salary was $150, and that he had loaned to his father, who was also his employer, a sum of money, the amount of which is not in evidence. He also testified that he had two bank accounts, the amounts of which also are not in evidence. The defendant testified that he was in good health. There is no other evidence of the financial condition of the defendant. There is no evidence of his net income, his living expenses, the existence or amount of any financial obligations he might have or his ability to pay temporary alimony.

At the hearing, the defendant sought to elicit testimony from the plaintiff concerning a settlement agreement between the parties, but on the plaintiff's objection, the evidence was excluded. At the end of the hearing, the court entered an order which recited that the court had heard argument of counsel and the testimony of the witnesses and was fully advised in the premises, and which ordered the defendant to pay to the plaintiff temporary alimony "at the rate of $2,000 per year payable in equal weekly installments of $38.50, commencing forthwith." The matter of attorney's fees was reserved for later consideration. It is from this order that the defendant appeals, the court having found that there is no just reason for delaying enforcement or appeal of the order.

In this appeal the defendant contends that the court has no power or jurisdiction to award temporary alimony until a determination is made, at a hearing, of the husband's income, his ability to pay the amount ordered, the needs of the wife and the condition in life and the circumstances of both parties; that the court erred in refusing to admit in evidence the separation agreement which the defendant asserts was competent and material evidence on the issues of the plaintiff's good faith in bringing the action; that an annual award of temporary alimony in gross is error, notwithstanding the fact that it is payable weekly.

The plaintiff argues that the trial judge conducted a proper and full hearing concerning the condition in life and the circumstances of the parties as he was required to do by law; that his order of temporary alimony was within the proper scope of his judicial discretion; and that the order was proper and was not an award of alimony in gross because it is payable in weekly installments and that the plaintiff has no vested right in the gross amount.

██ ██ An award of temporary alimony is authorized by Ill Rev Stats 1963, c 40, § 16 which provides in part:

> . . . in every suit for a divorce the wife or the husband when it is just and equitable, shall be entitled to alimony during the pendency of the suit, provided that no order or decree for alimony shall be entered until the court . . . shall have determined from the evidence the condition in life of the parties and their circumstances.

It has been held that the allowance of temporary alimony in a divorce suit rests within the sound discretion of the court and is dependent on the circumstances of the parties. Arado v. Arado, 281 Ill 123, 117 NE 816; Kleinschmidt v. Kleinschmidt, 345 Ill App 608, 104

NE2d 343. However, it is clear that an order of temporary alimony must be based on a showing of the income and assets of both parties and on evidence of what is required to support the party by whom alimony is sought. Ross v. Ross, 177 Ill App 542; Goldstine v. Goldstine, 25 Ill App2d 319, 167 NE2d 30; Micelli v. Micelli, 45 Ill App2d 159, 195 NE2d 233. We take this to be the meaning of the requirement of determining from the evidence the "condition in life of the parties and their circumstances" which is imposed by the statute on a court before it can enter an order for temporary alimony.

We believe that on this petition for temporary alimony the court should have obtained a full, complete and detailed disclosure of the requirements of both the plaintiff and the defendant, the net amount of the defendant's earnings and the amount of any of the defendant's assets. The record, however, does not reveal such evidence. The plaintiff is living with her parents who are providing her with support. Despite the fact that she is a young woman with two years of college, there is no evidence that the plaintiff is unable to obtain gainful employment. The evidence concerning the defendant's needs and income is meager. The record shows only the defendant's gross income and it does not indicate his needs and requirements. Moreover, though there is some evidence of the defendant's assets, there is no evidence of their value. Without more, this record does not justify the court's exercise of its discretion in awarding temporary alimony.

Counsel for the defendant interprets section 16 quoted above to require that the court must make a written determination with specific findings before entering the order for temporary alimony. We do not agree. After an examination of the cases cited by the defendant, the legislative history and the statute itself, we do not believe that a written determination

of facts is necessary. We do believe, however, that the statute requires a determination of the kinds of facts indicated above before the court may enter an order of temporary alimony.

Furthermore, we do not agree with the defendant that the award was erroneous because it was an award in gross. An award of temporary alimony in gross is error. Williams v. Williams, 279 Ill App 274; Cox v. Cox, 192 Ill App 286; Hunter v. Hunter, 121 Ill App 380. The phrase "alimony in gross" means an award of a definite amount of money payable for a definite length of time. Jacobson v. Jacobson, 50 Ill App2d 244, 200 NE2d 379; Walters v. Walters, 341 Ill App 561, 94 NE2d 726, affd 409 Ill 298, 99 NE2d 342. The award in the instant case was not such an award. The order recites "that the defendant and counterplaintiff, Michael S. Rabin, be, and is hereby ordered to pay to the plaintiff and counterdefendant, Marlene Joy Rabin, temporary alimony *at the rate of $2,000 per year, payable in equal monthly installments of $38.50,* commencing forthwith." (Emphasis added.) Although it mentioned payment of the stated sum of $2,000, since the order specifically makes this sum payable at an annual rate in weekly installments, the sum which may actually be paid pending determination of the divorce suit may be greater or less than $2,000 and the length of time during which the installments must be paid under the order is indeterminate, depending upon when the final judgment in the divorce action is rendered. Hence, neither the actual amount which will be paid under the order, nor the length of time during which alimony will be paid is definite.

Finally we believe that the court's exclusion of evidence concerning the parties' property settlement agreement was error. Such evidence very likely would have a bearing on the plaintiff's good faith in bringing

her suit and on her need of support and hence should have been considered by the trial court.

The order of the Circuit Court is reversed and remanded for a new hearing on the question of temporary alimony.

Reversed and remanded with directions.

MURPHY and KLUCZYNSKI, JJ., concur.