SUZANNE W. KENLY, Plaintiff-Appellee, *v.* GRANGER F. KENLY, Defendant-Appellant.

First District (1st Division) Nos. 76-805, 77-163 cons.

Opinion filed April 4, 1977.

James W. Ashley and Wilber H. Boies, both of Chicago (McDermott, Will & Emery, of counsel), for appellant.

John Sills Jones and Roderick E. MacRae, both of Chicago (Davis, Jones & Baer, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

In these separate appeals consolidated for hearing, Granger F. Kenly (defendant) challenges an award of temporary alimony and attorney's fees in a separate maintenance action brought by his wife, Suzanne W. Kenly (plaintiff) (No. 76-805). Defendant also appeals from an order granting attorney's fees to defend the original appeal (No. 77-163).

Plaintiff's separate maintenance action was filed on March 5, 1976. Upon plaintiff's motion for temporary support and attorney's fees, defendant submitted an affidavit and an evidentiary hearing was held. On March 19, 1976, the trial court ordered defendant to pay monthly temporary alimony of $1500 for, at most, six months and to pay $5000 in temporary attorney's fees. Defendant appealed and briefs were filed. Upon plaintiff's subsequent amended petition for attorney's fees to defend the appeal and following a hearing, the trial court awarded $7500 as appellate attorney's fees.

In this court, defendant contends that temporary alimony and attorney's fees and attorney's fees to defend the appeal were improperly awarded because plaintiff has sufficient means to provide for her own support and attorney's fees. Defendant further argues that he should not be liable for expenses voluntarily incurred by plaintiff through the intentional reduction of her income-producing assets.

The parties were married in 1948 and raised two children who were both of age and self-supporting when plaintiff's action was filed. The complaint for separate maintenance alleged that defendant abandoned plaintiff on February 9, 1976 and she had been living apart from defendant since then. The evidence shows that the parties sold their marital home in Northfield, Illinois, for $146,000 and, after the

separation, plaintiff lived with her mother. Subsequently, plaintiff sold $115,000 worth of securities and purchased a home in Winnetka, Illinois, with an initial cash payment of $90,000 and the proceeds of a $50,000 mortgage.

The record contains detailed information regarding the relative financial condition of the parties. Both husband and wife possess substantial means. Defendant is employed by I.C. Industries. In 1975 he earned a salary of $56,243 plus a bonus of $8000. He characterized payment of the bonus in 1976 as unlikely because of business conditions. Defendant also received an additional annual income of $32,400 from securities and other assets. His assets include: securities valued at $977,176 in March 1976, life insurance with a cash value of $27,986 and other assets worth $25,168. He submitted a budget at the hearing showing monthly expenses of $7600.

Plaintiff receives $22,500 in annual income from securities and trusts. Her assets include: securities worth approximately $350,000 in March 1976, bank deposits of approximately $25,000-$30,000 and an equity of $90,000 in her Winnetka home. Plaintiff's monthly budget showed expenses of $3701 and she testified that she was not employable, for medical reasons. The parties share ownership of approximately $136,000 held in escrow, representing the proceeds of the sale of the marital home. They continue to dispute the size of their respective shares in this fund so that the principal and interest remain unavailable to either of them.

■■■ Under Illinois law, the granting of temporary attorney's fees, temporary alimony and appellate attorney's fees is within the sound discretion of the trial court and such awards will not be overturned on appeal absent a clear abuse of discretion. (*Canady v. Canady* (1964), 30 Ill. 2d 440, 446, 197 N.E.2d 42; *Harding v. Harding* (1892), 144 Ill. 588, 603, 32 N.E. 206; *Borg v. Borg* (1975), 32 Ill. App. 3d 1075, 1082, 337 N.E.2d 391, *appeal denied* (1976), 61 Ill. 2d 601; *Rabin v. Rabin* (1965), 57 Ill. App. 2d 193, 197, 206 N.E.2d 850.) The statute controlling actions for separate maintenance provides that the court "may make such allowance of temporary alimony, attorney's fees, and suit money as may appear just and equitable, as in cases of divorce." (Ill. Rev. Stat. 1975, ch. 68, par. 22.) In determining what is "just and equitable" the trial court must consider the financial circumstances of the parties. The key factors in determining liability for temporary alimony or attorney's fees are the wife's inability to pay, her needs within the context of the couple's prior standard of living and the husband's ability to pay. See *Greenbaum v. Greenbaum* (1973), 14 Ill. App. 3d 217, 221, 302 N.E.2d 165, *appeal denied* (1973), 54 Ill. 2d 597; *Breuer v. Breuer* (1972), 4 Ill. App. 3d 179, 185, 280 N.E.2d 518; *Roback v. Roback* (1965), 59 Ill. App. 2d 222, 229-30, 207 N.E.2d 130; *Rabin*, 57 Ill. App. 2d 193, 198; Ill. Rev. Stat. 1975, ch. 40, par. 16.

Before applying these principles, we note that defendant has chosen to rest his argument upon the question of plaintiff's ability to support herself. Defendant does not contend that he is financially unable to pay the sums awarded. Defendant's briefs are also silent on the issue of the amounts of attorney's fees awarded in the separate orders. During oral argument, defendant's attorney stated that the amounts of attorney's fees granted by the trial court were not contested, but that defendant contests allowance of any attorney's fees to plaintiff. The issues concerning the amount of fees awarded and defendant's ability to pay are accordingly waived. (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7).) We turn to the sole remaining question, the financial ability of plaintiff to meet her needs.

■■ Defendant urges that plaintiff's ample assets prove her capacity to provide for her own expenses. We recognize the general principles that awards of support money and fees should not be allowed automatically (*Breuer*, 4 Ill. App. 3d 179, 185, and cases there cited), and that no sums should be granted a spouse with sufficient income to meet her needs. (*Arado v. Arado* (1917), 281 Ill. 123, 129, 117 N.E. 816; *Harding*, 144 Ill. 588, 601; *Eule v. Eule* (1974), 24 Ill. App. 3d 83, 90, 320 N.E.2d 506, *appeal denied* (1975), 58 Ill. 2d 593.) In determining a spouse's ability to pay, the critical inquiry should involve a comparison of income with reasonable expenses. When the husband's income is ample, the wife should not be required to deplete her capital resources or income-producing assets in order to provide for her support or to pay her attorney during the pendency of the suit for separate maintenance or divorce. (See *Harding*, 144 Ill. 588, 601-02; *Goldberg v. Goldberg* (1975), 30 Ill. App. 3d 769, 774, 332 N.E.2d 710; *Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045, 1050-51, 318 N.E.2d 282; *cf. Green v. Green* (1976), 41 Ill. App. 3d 154, 167, 168, 354 N.E.2d 661.) This principle is also recognized in *Spreckels v. Spreckels* (1952), 111 Cal. App. 2d 529, 534, 244 P.2d 917, relied on by defendant in his brief.

■■ In the case before us, plaintiff's monthly income was $1875 while her expenses were $3701. Defendant's annual income is between $88,000 and $96,000, depending in part on the issuance of a bonus. Indeed, defendant's ability to pay the awards appealed from is unquestioned in this court. Upon careful consideration of the discrepancy between plaintiff's income and expenses, the couple's station in life and plaintiff's inability to obtain employment, we hold that the record fully supports the conclusion that plaintiff was unable to meet her own needs from her income alone. Under the foregoing authorities, her substantial securities holdings and other assets do not alter this result. In our view, the sums awarded were just and equitable and we cannot conclude that the allowance thereof constituted an abuse of discretion.

■■ Defendant further argues that certain items in plaintiff's budget of

monthly expenses should not have been allowed as reasonable necessities. Specifically, he contends that plaintiff's sale of securities to purchase the Winnetka home was an impermissible reduction of income-producing assets. This argument is without merit. The record shows that the Winnetka home was roughly comparable to the couple's marital residence so that it was not an unreasonably extravagant purchase. During the pendency of the suit, defendant has been renting a home in Wilmette, Illinois, a north shore suburb adjacent to Winnetka. According to defendant's budget, his expenses for rent, heat, repair and maintenance of household utilities was $925 per month at the time of the hearing. According to plaintiff's budget, her expenses for mortgage payments, insurance, taxes, heat, repair and maintenance of household utilities were $775 per month at the time of suit. A principal purpose in granting temporary support and attorney's fees is to create a semblance of equality between the spouses during the prosecution of the suit. (*Roback*, 59 Ill. App. 2d 222, 229-30.) Under the circumstances, although defendant urges that certain portions of plaintiff's estimated expenses are unnecessary, on the whole these estimated expenses are reasonable and their consideration by the trial court as elements of her monthly needs should not be considered an abuse of discretion.

Defendant also maintains that plaintiff's expenses improperly included liability for attorney's fees incurred in the sale of realty jointly held by the couple. The budget lists $408 for the disputed fees. The fact that these sums are a monthly obligation is not disputed. Even if these fees were subtracted from plaintiff's expenses, her income would be less than her expenses. We are unable to conclude that the trial court abused its discretion in this matter, especially in view of the fact that the alimony payments will materially increase plaintiff's Federal income tax liability while, at the same time, they will alleviate defendant's liability in this regard.

Defendant finally urges that plaintiff's expenses should be discounted to the extent they represent expenditures for the couple's emancipated children. This argument has no bearing upon the propriety of the orders involved in this appeal. Plaintiff testified that she expected to spend approximately $3225 in 1976 for her children. Notably, plaintiff also testified that these sums were not included in but were additional to the budget which was before the trial court. Again we find no abuse of discretion in this regard.

The many additional Illinois cases cited by defendant, and not mentioned in this opinion, annunciate general principles but are factually inapposite here. Further citation and analysis of these authorities is unnecessary and would unduly lengthen this opinion. Defendant has also cited numerous cases from other jurisdictions. These decisions do not

state Illinois law and are not otherwise persuasive in these consolidated appeals.

The orders appealed from in the consolidated appeals are accordingly affirmed.

McGLOON and BUA, JJ., concur.