MARY FELDMANN, Plaintiff-Appellee, v. HOWARD FELDMANN, Defendant-Appellant.

Second District   No. 77-231

Opinion filed May 4, 1978.—Rehearing denied June 9, 1978.

Theodore W. Wrobleski, of Barclay, Damisch & Sinson, of Chicago, for appellant.

Gerald P. Sheridan, Jr., of Wheaton, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant below, Howard Feldmann, appeals from the denial of his motion to set aside an oral property settlement as well as a decree of divorce incorporating the provisions of that agreement. The denial of the motion and the decree were entered on February 2, 1977. The defendant also appeals from an injunction entered against him on February 3, 1977, prohibiting him from altering the beneficiaries of his survivor's benefits, as well as from transferring certain private annuities.

The issue here is whether an oral property settlement, which has been made part of the record in a divorce proceeding and acknowledged by both parties, may be repudiated by either party prior to the entry of the decree, solely upon allegations of unfairness and absent any showing of fraud or coercion.

■■ In the proceedings before this court no argument has been submitted by the defendant regarding the injunction of February 3, 1977. Accordingly, we consider that any issues arising out of that injunction have been waived by the defendant. Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7); *Kenly v. Kenly* (1977), 47 Ill. App. 3d 694, 365 N.E.2d 379.

It would serve no purpose to set out in this opinion a complete summary of the facts present in this record. It suffices to say that on

October 12, 1976, the plaintiff, Mary Feldmann, and the defendant appeared in the circuit court of Du Page county where they were both represented by counsel. This appearance was the culmination of 17 months of protracted divorce consultations and litigation. The plaintiff testified regarding the grounds for divorce as well as the terms of an oral settlement which had been reached by the parties immediately prior to the hearing. The defendant then was called to the stand where he acknowledged his wife's testimony regarding the grounds for divorce. The defendant also testified that he had heard all of the terms of the oral agreement set forth by his wife and was totally and voluntarily agreeable to them.

In their property settlement agreement the parties set forth the following provisions:

"a. The parties are the owners of five private annuities (Nos. R-10-00-81, R-11-39-22, R-12-01-37, 876-89-32 and 908-08-02) with the Mutual Life Insurance Company of New York which are held in the name of Howard Feldmann and have an approximate cash surrender value of $42,386.10. Husband agrees to cash in all those annuities and direct payment of the cash surrender value to the Wife. Husband agrees he will assume full responsibility for payment of any income tax liability which arises by virtue of the cashing in of said annuities.

b. The Husband shall assume sole liability for and pay the balance due on the Marshall Field account in the approximate amount of $364.34 plus all accrued finance charges.

c. The Husband shall pay or arrange to have transferred to his own Bank Americard charge account, the sum of $189.51, which was previously transferred to the Wife's account, plus accumulated service charges on that amount.

d. The Husband shall pay to the Wife the sum of $13,000.00 immediately. The Husband shall pay to the Wife the added sum of $3,600.00 in 12 equal installments of $300.00 each, commencing on the first day of the month following the entry of the judgment for divorce. Said payments constitute a return of property, not alimony.

e. The Husband shall irrevocably designate the Wife as beneficiary of all survivor benefits under the Husband's disability insurance policy No. 62X2-10-86.

f. The Husband releases any claim of right he may have in the condominium No. 1108 owned by wife located at 400 E. Randolph, Chicago, Illinois.

g. The Husband waives any claim of right he may have in the certificate of deposit held in the name of the Wife in the approximate amount of $19,235.22, plus accumulated interest.

h. The Wife releases any interest she may have in the pension payable to the Husband under the Illinois Teacher's Retirement pension, except those of class 3 survivor benefits. The Husband shall irrevocably designate the Wife as the sole beneficiary of class 3 survivor benefits under the plan.

i. The Husband waives all right to alimony or other support from the wife. The Wife waives all right to alimony or other support from the Husband.

j. The 1973 Audi Vehicle shall be the sole property of the Husband.

k. The Husband shall transfer to the Wife all his right, title and interest in the following securities: 2 shares of AT&T; 100 shares of Vaal Reefs; 200 shares of Winkelhaak, and 20 shares of West Driefontein.

l. All debts not specifically referred to above shall be paid by the party incurring the debt.

m. The Wife will transfer to the Husband Mr. Feldmann's personal papers, including his will, military discharge papers, and a Columbian coin."

On October 26, 1976, the defendant, through new counsel, filed a petition to set aside the settlement agreement as unfair and oppressive. On February 2, 1977, a hearing was held on the defendant's petition at which both parties testified. The defendant related that he had not been threatened or coerced into agreeing to the property settlement agreement. He further testified that it was only after the prove-up hearing on October 12, 1976, that he realized that he would not be able to retire at age 60, as he had long contemplated, but that he would have to work until age 65 to pay off the taxes incurred by cashing in the private annuities as provided for in the settlement agreement. No testimony was presented by the defendant as to the projected total amount of the Federal and State tax liability which he would incur, and counsel for the defendant admitted that neither he nor anyone else knew what the defendant's actual tax liability would be. Defendant's counsel also argued that the settlement would leave the plaintiff with $90,000 in assets while the defendant would have $3,500 in assets as well as debts of $28,000. It is to be noted that an examination of the record only reveals competent proofs of approximately $8,000 in debts or other obligations which would be incurred by the defendant due to the settlement.

At the conclusion of the hearing on the defendant's motion the trial court found that there was no showing whatsoever of fraud, misrepresentation or coercion and that such a showing was necessary to set the property settlement agreement aside. The court remarked:

"I don't know whether this agreement is unfair or not."

The trial court denied the defendant's petition to set aside the property

settlement agreement and subsequently entered a decree of divorce which incorporated the terms of the property settlement agreement.

In support of his arguments before the trial court, and on this appeal, the defendant has cited the cases of *James v. James* (1958), 14 Ill. 2d 295, 152 N.E.2d 582, and *Crawford v. Crawford* (1976), 39 Ill. App. 3d 457, 350 N.E.2d 103, for the general proposition that unfairness alone is sufficient reason for allowing the repudiation of an oral property settlement agreement where there is a marriage of long standing and the repudiation is diligently sought. However, there is no need for this court to decide whether the defendant's statement of the law is accurate or, indeed, whether or not the circumstances of this case fit within that proposition. An examination of the record before us clearly does not contain sufficient proof from which a determination of unfairness could be made. See *Guyton v. Guyton* (1959), 17 Ill. 2d 439, 161 N.E.2d 832.

In his argument before the trial court, as well as before this court, the defendant has centered his allegations of unfairness around certain potential Federal tax liabilities arising from an alleged capital gain realized when the private insurance annuities owned by the defendant are cashed in. As noted above, no competent evidence was introduced to show the amount of tax liability. The sum used by defendant's counsel in argument ($20,000) is a statement of the total long-term capital gain which would have accrued by the defendant rather than the taxes upon that gain. Other than the tax issue, the defendant only alluded to an imbalance allegedly inherent in the settlement. In the light of the fact that the plaintiff, aged 58, did not have the benefit of any retirement plan at the time of the settlement, while the defendant could contemplate the receipt of a teacher's pension of approximately $15,000 per year upon retirement, the monetary imbalance, if any, becomes reasonable. It is also to be noted that during the course of the 27-year marriage the plaintiff cashed in her own State Teachers Pension Fund benefits and applied the resultant funds to marital purposes.

■■ From the above it is obvious that the defendant clearly failed to present sufficient proof to make the issue of unfairness a triable one for the court. Accordingly, we concur with the trial court's statement that he did not know whether the agreement was unfair. He could not. It is not up to a trial court or, indeed, up to an appellate court to look beyond the record presented to it. In the instant case the defendant clearly failed to meet his burden.

For the reasons stated above the order of the trial court is affirmed.

Affirmed.

SEIDENFELD, P. J., and BOYLE, J., concur.