QUINTEN L. SHERWOOD and PATRICIA L. SHERWOOD, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Sherwood v. Commissioner
Docket Nos. 4209-76, 4256-76, 5872-77, 9151-77.
United States Tax Court
T.C. Memo 1979-149; 1979 Tax Ct. Memo LEXIS 380; 38 T.C.M. (CCH) 660; T.C.M. (RIA) 79149; April 16, 1979, Filed *380 Petitioners entered into an agreement when they obtained a divorce decree, which was incorporated into the decree. The agreement provided for petitioner-husband to pay $625 per month for 208 months to petitioner-wife as a "lump sum settlement in lieu of alimony." In the event of her remarriage, however, the monthly installments for the rest of the term would be reduced to $225 per month. Petitioner-wife later remarried and then received the reduced payments. The amount and number of payments coincided exactly with the mortgage outstanding on the marital residence, which petitioner-wife also received under the decree. Held: Under Illinois law, the payments at issue were not made in discharge of a "legal obligation" imposed on petitioner-husband because of the marital or family relationship. Held further: In any event, the payments were actually part of an overall property settlement in which petitioner-wife received, among other things, the marital residence free and clear of the mortgage payments in exchange for any right or interest, including a special equity, that she may have had in any other marital property. Vance I. Kepley, *382 for the petitioners in docket Nos. 4209-76 and 5872-77. Robert A. Mathis, for the petitioners in docket Nos. 4256-76 and 9151-77. David W. Otto, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent has determined the following deficiencies in the income taxes of petitioners: Docket
Taxable Petitioners
Number
Year
Deficiency
Quinten L. and
4209-76
1972 $ 511.00
Patricia L. Sherwood
1973
553.00
Quinten L. and
5872-77
1974
609.00
Patricia L. Sherwood
1975
743.00
Donald R. and
4256-76
1972
815.72
Marian C. Williams
1973
1,075.00
Donald R. and
9151-77
1974
1,063.33
Marian C. Williams
1975
1,162.52
The issue is whether certain payments made under the terms of a divorce decree are includable in petitioner Patricia L. Sherwood's gross income under section 71(a)[2] and deductible by petitioner Donald R. Williams under section 215(a). The facts have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice *383 and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners Quinten L. Sherwood and Patricia L. Sherwood are husband and wife. They filed their joint Federal income tax returns for calendar years 1972 through 1975 with the Director of the Midwest Service Center in Kansas City, Missouri. Petitioners resided in Rantoul, Illinois, when they filed their petitions. Petitioners Donald R. Williams and Marian C. Williams are husband and wife.They filed their joint Federal income tax returns for calendar years 1972 through 1975 with the Director of the Midwest Service Center in Kansas City, Missouri. Petitioners resided in Thomasboro, Illinois, when they filed their petitions. Petitioner Patricia Sherwood was formerly married to petitioner Donald R. Williams. They had four children by that marriage. On July 9, 1970, Patricia and Donald were divorced. The divorce was by decree of the Circuit Court of Champaign County in Illinois. The decree gave Patricia custody of their children and incorporated the terms of a settlement agreement between the parties. The agreement was intended to provide a settlement of the parties' property *384 rights and rights to support and maintenance. Under the agreement, Donald would convey his entire interest inthe marital residence, and Patricia would hold him harmless on the mortgage note secured by the property. Donald agreed also to transfer his ownership in certain life insurance policies to Patricia and to pay certain outstanding bills, with Patricia paying other bills. The agreement made provisions for child custody and visitation privileges and required Donald to pay child support of $100 per child each month. Finally, the agreement provided for a "lump sum settlement in lieu of alimony." In this regard, the agreement states: 5. Husband agrees to pay to wife as a lump sum settlement in lieu of alimony the sum of $130,000.00 during the next 208 months, payable in monthly installments of $625.00 per month beginning August 1, 1970, provided, however, that in the event of the death or remarriage of wife, said monthly installments shall be reduced to $225.00 per month and the principal sum due at that time shall correspondingly be reduced to $225.00 multiplied by the number of months remaining after the death or remarriage of wife. Husband agrees to pay to wife to be applied *385 toward her attorneys' fees the sum of $1,750.00. In accordance with the above provision, Donald paid Patricia the monthly amount of $625 until December of 1971. In December of 1971, Patricia remarried, marrying her present husband, petitioner Quinten L. Sherwood. Since then, Donald has paid the reduced monthly amount of $225. Thus, during each of the calendar years 1972, 1973, 1974, and 1975, Donald has paid Patricia $2,700. Again, the issue is whether the payments for 1972 through 1975 are includable in Patricia's gross income under section 71(a) and deductible by Donald under section 215(a). Respondent has taken inconsistent positions in his respective notices of deficiencies to petitioners in order to protect his interests. Initially, we note that petitioners Sherwood have affirmatively pleaded collateral estoppel as a defense to respondent's determination. The tax consequences of the amounts received by Patricia under the decree in 1970 and 1971 have been previously settled by respondent and petitioners Sherwood. Respondent had determined deficiencies in petitioners' Federal income taxes for those years apparently because of Patricia's failure to include some or *386 all of the payments in her income. Petitioners Sherwood then petitioned this Court under the authority of section 7463 to determine the deficiencies for 1970 and 1971 (docket Nos. 822-74S and 823-74S). A settlement was later reached. As a result of the settlement, the Court issued final decisions of deficiencies for both years. Petitioners have claimed in their petitions here that the issue presently before the Court was previously decided favorably to them and, therefore, respondent is collaterally estopped from relitigating that issue.
We do not reach that issue, however, because we believe that petitioners have abandoned their defense of estoppel.The stipulated facts on this issue are sparse. Basically, the record contains certified copies of the decision of this Court entered in docket Nos. 822-74S and 823-74S. The decisions reflect merely that petitioners Sherwood had deficiencies in their income taxes for 1970 and 1971, and from the stipulation we know only that the tax consequences of the amounts received by Patricia from Donald for those years were at issue. On brief, petitioners Sherwood fail entirely to discuss or pursue their defense. Because of this, we can conclude *387 only that petitioners have abandoned their defense. Cf. United Contractors, Inc. v. Commissioner,T.C. Memo. 1964-68. See also Marc Eidlitz & Son, Inc. v. Commissioner,18 B.T.A. 187, 191 (1929). In any event, petitioners have failed to meet their burden of proving that collateral estoppel would bar the determinations here. See Rule 142(a), Tax Court Rules of Practice and Procedure. As best we can determine, the 1970 and 1971 decisions were entered upon stipulation of the parties. The Court never actually litigated and determined whatever issues may have been raised there.The decisions were thus only a proforma acceptance by the Court of an agreement between the parties to settle their controversy for undisclosed reasons. As such, the decisions cannot act as collateral estoppel in later proceedings. [3]United States v. International Building Co.,345 U.S. 502 (1953). *388 Section 71(a)(1) requires a spouse to include in gross income periodic payments received in discharge of a legal obligation imposed on the payor spouse because of the marital or family relationship. And the payor spouse is entitled to deduct the amounts so includable. Section 215(a). There is no dispute about whether the payments at issue here are periodic. All parties agree that they are. See Lambros v. Commissioner,459 F.2d 69 (6th Cir. 1972), affg. a Memorandum Opinion of this Court. Petitioners instead dispute the nature of the payments as alimony. Petitioners Sherwood contend that the payments at issue were not in discharge of a legal obligation imposed on Donald because of the marital or family relationship. In this regard, they argue that under Illinois law, any decree to pay a spouse support and maintenance upon remarriage of the spouse is unenforceable. Because of this, they conclude, the payments were not made under a legal obligation. They also argue that the reduced payments were in fact part of an overall property settlement and thus were not imposed on *389 Donald because of the marital or family relationship. Again, in order to be includable in the recipient spouse's income, the periodic payments must be received in discharge of a legal obligation imposed on or incurred by the payor spouse because of the marital or family relationship. Section 71(a)(1). State law is determinative of the existence of a "legal obligation" for these purposes. Hoffman v. Commissioner,54 T.C. 1607 (1970), affd. per curiam 455 F.2d 161 (7th Cir. 1972). Thus, where State law imposes no legal obligation to pay alimony after the remarriage of the recipient spouse, payments made under the decree after her remarriage are neither includable in income under section 71(a)(1) nor deductible under section 215(a). Id. See also Brown v. Commissioner,50 T.C. 865 (1968), affd. per curiam 415 F.2d 310 (4th Cir. 1969). Because Patricia and Donald were divorced under Illinois law, we must look to the law of that State to determine whether the payments were made in discharge of a legal obligation imposed on or incurred *390 by Donald because of the marital or family relationship. Illinois Rev. Stat., ch. 40, sec. 19, provides in pertinent part: A party shall not be entitled to alimony and maintenance after remarriage; but, regardless of remarriage by such party or death of either party, such party shall be entitled to receive the unpaid installments of any settlement in lieu of alimony ordered to be paid or conveyed in the decree. Clearly, as a general rule in Illinois, no legal obligation is imposed on either spouse to pay alimony after the remarriage of the other spouse or the death of either spouse. Ill. Rev. Stat., ch. 40, sec. 19; Hoffman v. Commissioner,supra at 1611. Nevertheless, the statute does allow a settlement in lieu of alimony to be paid in installments without regard to either party's death or remarriage. Suarez v. Commissioner,68 T.C. 857, 866 (1977). In order to qualify as a settlement in lieu of alimony, the award must, among other things, be for a definite amount of money payable over a definite length of time. Walters v. Walters,341 Ill. App. 561, 94 N.E. 2d 726 (1950), *391 affd. 409 Ill. 298, 99 N.E. 2d 342 (1951); Jacobson v. Jacobson,50 Ill. App. 2d 244, 200 N.E. 2d 379 (1964); Rabin v. Rabin,57 Ill. App. 2d 193, 206 N.E. 2d 850 (1965). Both the length of time during which payments will be made and the actual amount that will be paid must be determinable for the award to be considered a settlement in lieu of alimony. Rabin v. Rabin,supra; see Adler v. Adler,373 Ill. 361, 26 N.E. 2d 504, 508 (1940). The payments here are not sufficiently determinable to make the award a settlement in lieu of alimony. Patricia was to receive $625 per month for 208 months, but the payments would be reduced to $225 per month for the remainder of the term in the event of her death or remarriage. Under these provisions, Patricia could receive conceivably as much as $130,000 ( $625 per month for 208 months) or as little as $46,800 ( $225 per month for 208 months). This is not a determinable amount. Hence the payments at issue cannot be part of a settlement in lieu of alimony.Because of this, and because the payments were received after Patricia's remarriage, they were not made *392 in discharge of a "legal obligation" imposed on Donald because of the marital or family relationship. Hoffman v. Commissioner,supra.Therefore, the payments are neither includable in Patricia's income nor deductible by Donald. Compare Suarez v. Commissioner, supra.
The result might be different if the payments were made pursuant to a legal obligation incurredby the husband under a written instrument incident to the divorce. Cf. Newbury v. Commissioner,46 T.C. 690, 695-696 (1966); Dixon v. Commissioner,44 T.C. 709, 713-716 (1965); Hogg v. Commissioner,13 T.C. 361, 366 (1949). In such a case, we would look to the instrument to determine the nature of the legal obligations of the parties. This would be a matter of contract law. See Cox v. Commissioner,10 T.C. 955, 958 (1948), affd. 176 F.2d 226 (3d Cir. 1949). But here we must look to the divorce decree itself to determine the nature of the legal obligations of the parties. Under Illinois law, the agreement loses its contractual nature when merged into the decree. Hoffman v. Commissioner,supra *393 at 455 F.2d 162. After the decree is entered, the parties' rights rest on the decree, not the agreement. Id.; Jacobs v. Jacobs,328 Ill. App. 133, 65 N.E. 2d 588 (1946). Again, because Illinois law prohibits the court from awarding support to a spouse after the recipient's remarriage, we can conclude only that the payments at issue here were not received by Patricia in discharge of a legal obligation imposed on Donald because of the marital or family relationship. But even if under Illinois law alimony could be paid after remarriage of the recipient spouse or the payments here could be considered as part of a lump sum settlement, we would still hold for Patricia.Again, in order to be includable under section 71(a)(1) and deductible under section 215(a), the payments must have been imposed on the payor spouse because of the marital or family relationship. This is essentially a factual question the resolution of which does not depend upon any labels that the parties may attach to the payments. Suarez v. Commissioner,supra;Sydnes v. Commissioner,68 T.C. 170 (1977), affd. on this point 577 F.2d 60 (8th Cir. 1978); *394 Joslin v. Commissioner,52 T.C. 231 (1969), affd. 424 F.2d 1223 (7th Cir. 1970); Newbury v. Commissioner,46 T.C. 690 (1966); Ryker v. Commissioner,33 T.C. 924 (1960). In Sydnes v. Commissioner,supra at 176-177, we discussed some of the factors to be considered in making that determination: Courts have recognized several factors in determining whether payments are part of a property settlement or are alimony. Among the factors suggesting that the payments are part of a property settlement are: the nonterminability of the payments upon the death or remarriage of the wife ( Land v. Commissioner,61 T.C. 675, 683 (1974), and cases cited therein); the nonfluctuating amount of the monthly payments for the benefit of the wife ( Land v. Commissioner,supra) * * * These factors recognize that payments for support and maintenance are based mainly on the need of the recipient spouse for support and the ability of the payor spouse to provide it. Here, the $225 monthly *395 payments would not terminate upon the death or remarriage of Patricia. Neither would they fluctuate in amount depending on Patricia's need or Donald's ability to pay. See also Land v. Commissioner,61 T.C. 675, 681-684 (1974). That amount was fixed, and the number and amount of the payments coincided exactly with the mortgage payments on the marital residence, which Patricia had received. We believe that the payments were part of a property settlement in which Patricia received some insurance policies and the marital residence (free and clear of the mortgage payments) in exchange for any right or interest she may have had in any other marital property. It has been suggested on brief that Patricia may have had an interest in Donald's business (a radio station). Although she has not shown that she actually owned such property (in exchange for which she received $225 per month), neither has Donald shown that she did not own any such interest. In fact, the record indicates little, if anything, about the parties' property interests before their divorce. However, even if Patricia did not have a legal interest in Donald's business, she at least had a colorable claim *396 therein. Under Illinois law, the court in a divorce proceeding has the power to decree a division of property accumulated during the marriage based on the equities of the case. Ill. Rev. Stat., ch. 40, sec. 18. Property held by one of the parties but accumulated by the joint efforts of both parties is divided by recognizing each party's fair contribution. Gross v. Gross,23 Ill. App. 3d 228, 318 N.E. 2d 659 (1974); Gerhardt v. Gerhardt,18 Ill. App. 3d 658, 310 N.E. 2d 224 (1974). This type of interest is sufficient to support the finding of a property settlement for purposes of section 71(a)(1). Bosch v. United States,43 AFTR 2d 79-707, 79-1 USTC par. 9229 (5th Cir. Feb. 26, 1979). Compare Wright v. Commissioner,62 T.C. 377, 391 (1974). Although it is not entirely free from doubt, we hold that the payments at issue were in fact received by Patricia as part of an overall property settlement. Decision will be entered for the petitioners in docket Nos. 4209-76 and 5872-77.
Decision will be entered for the respondent in docket Nos. 4256-76 and 9151-77.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Donald R. Williams and Marian C. Williams, docket No. 4256-76; Quinten L. Sherwood and Patricia L. Sherwood, docket No. 5872-77; and Donald R. Williams and Marian C. Williams, docket No. 9151-77.↩
2. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954 as in effect for the taxable years at issue.↩
3. As a general rule, we believe that decisions under section 7463 may act as collateral estoppel in later cases also brought under the authority of section 7463. Because of our findings that petitioners have abandoned the defense and that it would not apply in any event, however, we need not decide presently whether decisions under section 7463 may also act as collateral estoppel in later cases in which this Court's full jurisdiction is invoked, as it is here, under section 6214. But see section 7463(b); H. Rept. No. 95-1800 (Conf. Rept.), 95th Cong., 2d Sess. 277 (1978); cf. section 7463(c). See generally 1B Moore, Federal Practice, pars. 0.416 [5] and 0.445, pp. 2301-06, 4101-14 (2d ed. 1948).↩